**UNITED STATES of America**

**v.**

**Thomas M. LUTZ and Howard E. Olsen, III, Thomas M. Lutz, Appellant.**

**No. 17842.**

United States Court of Appeals Third Circuit.

Argued Dec. 15, 1969.

Decided Jan. 16, 1970.

————◆————

Stanford Shmukler, Philadelphia, Pa., for appellant.

Charles B. Burr, II, Asst. U. S. Atty., Philadelphia, Pa. (Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before. McLAUGHLIN, FREEDMAN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

The defendant, Thomas Lutz, was convicted for violation of the Federal Kidnapping Act, 18 U.S.C. § 1201(a). He and his co-defendant, Olsen, kidnapped a seventeen year old girl in Reading, Pennsylvania, and transported her to New York against her will. Lutz raped her twice in the course of the trip.

Olsen pleaded guilty and was sentenced. Lutz pleaded not guilty. At Lutz's first trial, a jury was waived, but a mistrial was declared when the United States Supreme Court decided in United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968) that the death penalty provision of the Federal Kidnapping Act is unconstitutional because of its coercive effect on the exercise of the right to trial by jury.

█ The primary question on this appeal is whether the prosecution proved beyond a reasonable doubt that Lutz was sane at the time of the offense. Although a defendant is ordinarily presumed sane, once his sanity is in issue the prosecution has the burden of proof on this point. United States v. Currens, 290 F.2d 751, 761 (3d Cir. 1961) relying on Davis v. United States, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499 (1895). Neither party questions the applicability of this rule to the present case.

A pre-trial examination of Lutz by a psychiatrist resulted in his commitment to the Medical Center for Federal Prisoners at Springfield, Missouri. On the recommendation of physicians at that institution, he was transferred pursuant to court order to Wernersville State Hospital. After several months the Superintendent at Wernersville returned Lutz to jail to await trial because, under the influence of alcohol, he caused a disturbance there.

█ The prosecution did not offer expert testimony, and accordingly there is a question whether the evidence presented by the lay witnesses was adequate to sustain the government's burden. The prosecution's witnesses on this point included the victim of the crime, the co-defendant, and the arresting officer. Each testified that there had been nothing unusual or disturbed about Lutz's behavior. The defense offered the testimony of a psychiatrist who testified that Lutz was suffering from a mental illness, a disorder called schizoid personality. Various medical, psychological and psychiatric reports relating to Lutz were also introduced into evidence. Lutz concedes that the testimony of lay witnesses may be sufficient to sustain the government's burden and may outweigh expert opinions. Mims v. United States, 375 F. 2d 135 (5th Cir. 1967); King v. United States, 125 U.S.App.D.C. 318, 372 F.2d 383 (1967); Dusky v. United States, 295 F.2d 743 (8th Cir. 1961). However, he argues that the testimony of these government witnesses could not support a finding of sanity. Since the jury must decide if the defendant is legally responsible, expert testimony on the issue of sanity is not conclusive even where it is uncontradicted. Although the testimony of the prosecution witnesses was subject to attack because of the limited time two of the witnesses, the officer and the victim, had to observe the defendant, and because of the possible prejudice of the co-defendant, the witnesses' credibility and competence were not such as to require a court to take the case from the jury. As stated by the District Judge,

who had the opportunity to see and hear the witnesses, the testimony of the single defense physician was not binding and conclusive as to the question whether Lutz was criminally responsible for his actions. This question is different from whether the defendant had a mental disease.

■ The defendant also attacks the sufficiency of the indictment as failing to charge that the victim was "held for ransom or reward or otherwise." Although the indictment is poorly drawn, we agree with the trial judge that it can be regarded as charging "in effect that the kidnapping was for the purpose of raping the victim", and it therefore falls within the statute. Gooch v. United States, 297 U.S. 124, 56 S.Ct. 395, 80 L. Ed. 522 (1936).

■ Lutz suggests that since there was no specific proof as to where the assaults occurred, there is a question whether the federal statute has been violated. In view of the fact that it is uncontested that the assaults occurred in the course of the transportation from Pennsylvania to New York, we find no support for such contention.

■ This brings us to Lutz's final point; namely, that he was entitled to be tried without a jury. Before the first trial, the prosecution and the defense with the approval of the trial judge waived a jury trial, pursuant to Rule 23(a) of the Federal Rules of Criminal Procedure. The prosecution refused to waive the jury at the second trial. We agree with the trial judge, and reject Lutz's contention, that the prosecution was not bound by its first waiver. The waiver referred to the earlier trial, before another judge. Once a mistrial was declared each party was free to assert or waive his rights. In addition, the new judge at the second trial insisted that the second trial be before a jury. And in any event, Judge Fullam filed a sealed finding at the time he submitted the case to the jury which was identical with that eventually returned by the jury.

The judgment of the District Court will be affirmed.