**Paul Gilbert HUDSON, Appellant,**

v.

**Sherman A. CROUSE, Warden, Appellee.**

**No. 29–69.**

United States Court of Appeals
Tenth Circuit.

Jan. 21, 1970.

Hugh D. Rice of Rainey, Flynn, Welch, Wallace, Ross & Cooper, Oklahoma City, Okl., for appellant.

Kent Frizzell, Atty. Gen. of Kansas and Edward G. Collister, Jr., Asst. Atty. Gen., Topeka, Kan., for appellee.

Before HICKEY and HOLLOWAY, Circuit Judges, and EUBANKS, District Judge.

EUBANKS, District Judge.

This protracted and somewhat complicated case reaches us this time upon an unwarranted appeal from an order of the District Court that was essentially favorable to appellant. For reasons hereinafter stated we hold that Petitioner has failed to exhaust his state court remedies and his 2254 motion must be dismissed. Because it may be of some help in connection with anticipated future litigation we will outline certain facts and define the perimeter of the continuing argument herein.

On February 21, 1962, Hudson entered a plea of guilty in the District Court of Marion County, Kansas to a charge of second degree forgery. Following a presentence investigation he appeared for sentencing on March 23, 1962. He was represented at both appearances by court appointed counsel. Prior to the imposition of sentence the prosecution presented proof of two prior felony convictions suffered by Hudson, one dated February 8, 1951, in Sedgwick County, Kansas and the other dated January 18, 1956, in Pinellas County, Florida. By reason of these prior convictions the prosecution asked that Hudson's sentence be enhanced pursuant the Kansas recidivist statutes although the information to which Hudson had plead guilty made no mention of prior offenses. The Court followed the suggestion of the prosecution and sentenced Hudson under the habitual criminal statute to a term of 15 years. It should here be mentioned that the punishment provided by Kansas law for forgery, first offense, is one to ten years; for second offense double the punishment provided for a first offense of the crime with which the second offender is there charged and for a third offense "not less than 15 years." The Court sentenced Hudson to serve 15 years—the minimum if the recidivist statute were properly applicable to the case.

Hudson attempted to persuade the sentencing judge, pursuant to a K.S. 60–1507 motion, to vacate the 15 year sentence and re-sentence him as a first offender because the prior offenses were not alleged in the information when he plead guilty and therefor it was improper for the habitual criminal statute to be utilized in the case. The Court denied this motion and Hudson attempted to appeal but Court appointed counsel withdrew and subsequently appointed counsel also withdrew and though an extension of time to appeal was granted the time, as extended, to file said appeal lapsed without an appeal being perfected. Judge Brown later held that since new counsel was not appointed for Hudson after his second appointed counsel was permitted to withdraw and since his time to appeal had expired effective state remedies were unavailable and hence the Federal Court had jurisdiction to hear the matter. The attack made at the first Federal habeas hearing was twofold. It was urged that it was improper for the state to employ the recidivist statute in sentencing Hudson and it was also argued

for the first time that the Florida conviction should not have been shown in any event because it was obtained when Hudson had been deprived of his rights to counsel. At the hearing on this writ on August 24 and October 12, 1966, and in the findings and conclusions entered on November 23, 1966, Judge Brown did not decide the merits of Hudson's contention that the Florida conviction was invalid because of the then existing law (McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238) that Petitioner would not be entitled to immediate release until he had served the time required of a first offender which he had not done. At said time, however, Judge Brown held that "although prior notice of invocation of the habitual criminal statute is constitutionally required, a defendant waives such notice when he has full opportunity to be heard, and to controvert the allegations of prior convictions, and does not avail himself of that opportunity." In support thereof Judge Brown cites Stubbs v. Crouse, 366 F.2d 753 (CA 10, 1966) and Byers v. Crouse, 339 F.2d 550 (CA 10, 1964). An appeal to this court followed and as a result of the intervening change in the law enunciated in Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426, this court remanded the case to the district court for further proceedings as in Chappell v. Crouse, 399 F.2d 689.

At the hearing after remand Hudson won one of his points outright when the Florida conviction was held to be constitutionally invalid because Petitioner was not afforded counsel. The hearing after remand was held on November 1, 1968 and decision rendered on November 6, 1968, long before the Supreme Court decided North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, but Petitioner urged Judge Brown to direct Judge Fletcher (State District Judge) that he could not, upon resentence, mete out more than 15 years and that from any sentence handed down there should be deducted the time already served by Hudson. Petitioner, in urging Judge Brown to circumscribe the state court to impose no more than a 15 year sentence argued that his victory in getting the Florida sentence set aside would be a 'Pyrrhic' one indeed if by his 'victory' his 15 year sentence be replaced by a 20 year term, which possibility seemed to be mandated under the Kansas second offender statute.

■ Judge Brown declined to restrict the length of the sentence the state could impose and in so doing he was then on solid ground according to the holding of this court in Newman v. Rodriguez, 375 F.2d 712, wherein we said, "In Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837, the Supreme Court recognized, ' * * * a heavier penalty, even a death penalty, is a risk incurred by taking an appeal or otherwise foregoing a procedural right.' "

On November 5, 1968, Judge Brown issued his order providing, inter alia, that Kansas resentence Hudson within 120 days or else the respondent warden release him. Hudson then instituted this, his second appeal to this court. The instant appeal was commenced on November 14, 1968, 28 days *before* Hudson was resentenced on December 12, 1968. We do, however, have a transcript of the resentencing hearing wherein Judge Fletcher, in obedience to the mandatory terms of the Kansas statute, sentenced Hudson to a term of from two to twenty years. Judge Fletcher noted that he disagreed with the recidivist statute, but noting that he was not the legislature, gave Hudson credit for time served, and recommended "that Mr. Hudson be considered for probation at the time that it would normally be such under the previous (15 year) sentence." Apparently this recommendation was heeded for the briefs advise us that Hudson was paroled on May 2, 1969. The questions outlined herein remain pertinent however, because petitioner must remain subject to the orders of the Kansas Board of Probation and Parole until January 26, 1982, the date of the expiration of petitioner's maximum sentence, unless a certificate of discharge is issued prior thereto.

Kansas has effective procedures, including K.S. 60–1507, which Hudson may follow, if he desires, in properly presenting his complaints to the courts of that state. See Brown v. Crouse, 395 F. 2d 755 (CA 10, 1968). We hold that state court remedies have not been exhausted herein and accordingly this appeal is premature. At no time has the Kansas Supreme Court had these questions before it. Further, Judge Brown did not have before him the resentencing action taken by Judge Fletcher. It is, by the statute under which this motion is filed (28 U.S.C. § 2254) required that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Having failed to exhaust available state remedies Hudson is not eligible for federal habeas relief. See also Langdon v. Patterson, 376 F.2d 29 (CA 10, 1967); Brown v. Crouse, supra, and Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822.

We affirm with the suggestion that the district court entertain no more motions in this case nor permit any more in forma pauperis appeals herein. If further attention to the complaints of Hudson be warranted by the Federal courts they may be heard under a new case number and *after* he has processed his grievances through state courts.

Affirmed.