**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Billy Ray LEE, Defendant-Appellant.**

**No. 75–2148.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 4, 1976.

Decided Aug. 13, 1976.

H. M. Bacon, John F. Dugger, Bacon, Dugger & Jessee, Morristown, Tenn., for defendant-appellant.

John L. Bowers, U. S. Atty., Edward E. Wilson, Knoxville, Tenn., for plaintiff-appellee.

Before EDWARDS, McCREE and LIVELY, Circuit Judges.

McCREE, Circuit Judge.

Appellant was convicted of attempting to board an aircraft while carrying a dangerous concealed weapon. 49 U.S.C. § 1472(*l*) (1970), Amendments to Sec. 902 of the Fed-

eral Aviation Act of 1958, Sept. 5, 1961, Pub.L. No. 87–197, § 1, 75 Stat. 466.[1] Before boarding a Knoxville to Indianapolis flight, Lee presented his hand luggage for inspection to a security guard who discovered a .38 caliber pistol in the side pouch of the briefcase. Lee contended that he had placed the gun in the bag the night before, and had forgotten that it was there.

A complaint was filed charging Lee with violating § 1472, a minor offense punishable with a fine not to exceed $1,000 or imprisonment not to exceed one year. Appellant signed a printed form which recited the following:

> I, Billy Ray Lee, charged with attempting to board an aircraft while having concealed a dangerous weapon, a minor offense against the laws of the United States in the Eastern District of Tennessee, appearing before James C. McSween, Jr., United States Magistrate, who has fully apprised me of my right to elect to be tried before a judge of the United States District Court which has jurisdiction of the offense, and explained to me the consequences of this consent, do hereby consent to be prosecuted before the Magistrate on the charge hereinbefore stated, as authorized by Section 3401 of Title 18 of the United States Code.

He was tried before a magistrate who found him guilty, holding that it was not necessary to determine whether Lee knew that the gun was still in his briefcase, because the statute did not make intent an element of the offense. He sentenced appellant to 9 months imprisonment and a $1,000 fine. The term of imprisonment was to be suspended and appellant was to be placed on probation upon payment of the fine.

Lee appealed the conviction to the district court. The court reversed, holding that the statute required a showing of knowledge of the presence of the weapon. The court observed that the statute referred to a "concealed" weapon, and stated that "it has long been held that concealment of contraband in a legal sense is a knowing concealment and not the mere fact that the contraband is found in the possession of the defendant." Additionally, the court observed that a serious question of due process would be presented if the statute were construed to make a person strictly liable for any proscribed item found in his luggage, whether he had left it there mistakenly, or it had been placed there surreptitiously by another. The court remanded for further consideration and for findings about the defendant's knowledge or intent, observing:

> This Court has taken notice of the testimony of the defendant at trial and believes that defendant's assertions of forgetfulness as to the presence of the handgun in his briefcase strain credulity at best. This is especially true since the defendant had placed the handgun there on the same day of his arrest. Moreover, as a previously convicted felon, defendant admitted that he could not obtain a permit to carry the gun and this would also seemingly make him mindful of its presence in his briefcase. On remand, the Magistrate is instructed to carefully consider these factors and others in the determination of whether or not the defendant had knowing possession of the pistol when he submitted to the boarding search.

After the case was remanded, appellant moved to withdraw his waiver in order to have a retrial before a jury in district court. The magistrate overruled Lee's motion, and proceeded as directed by the district court. No additional evidence was presented, and the magistrate again found Lee guilty and pronounced the same sentence. The district court affirmed the magistrate's action, and appellant noticed this appeal.

Lee presents three contentions: (1) that it was error to refuse to permit the withdrawal of his consent to be tried by a magistrate; (2) that it was error for the district judge to opine in his remand order that Lee's defense "strained credulity at best"; and (3) that it was error to hold that

---

1. A similar provision is now found at 49 U.S.C. § 1472(*l*)(1).

knowing possession was an element of 49 U.S.C. § 1472.[2]

■■■ We agree, for the reasons stated in the district court's opinion,[3] with its holding that § 1472 required a finding that appellant knew of the presence of the concealed dangerous weapon. Nevertheless, Lee's conviction must be reversed because he should have been permitted to withdraw his consent to trial before a magistrate.

We have found no precedent deciding the question whether a defendant's consent to trial by a magistrate continues in force after reversal by a reviewing court, but there are two related situations that may suggest the proper rule. The first is where a tribunal grants a new trial in the interests of justice without the intervention of a reviewing court. In this situation, it appears appropriate to hold that waiver of a jury trial or consent to trial by a magistrate should continue in force. F.R.Crim.P. 33 and Magistrates Rule 7, which permit the tribunal to simply vacate the judgment and reopen the original proceedings in an appropriate case, may be construed to require this result. The second situation is when a reviewing court finds error in the conduct of a trial and reverses with directions for a new trial. In that situation the general rule is that a litigant is not bound by his prior waiver of a jury trial. We believe that this appeal is more like the situation where an appellate court has ordered a retrial. Unless the language of a waiver unambiguously states that it will apply in all retrials should they be ordered, a waiver should not continue in effect after the jurisdiction of the court to which it was ten-

2. The apparent anomaly of appellant raising this last question, which was decided by the trial court in his favor, is explained by the statement in his brief that this issue was included at the request of the U. S. Attorney, who did not file a cross appeal.

3. The district court's complete discussion of the case was as follows:

Should the Magistrate find that defendant was ignorant of the fact that the pistol was in his briefcase when the search occurred, then the Magistrate must find defendant not guilty of the offense charged. Subsection (1) of Title 49 U.S.C. § 1472 states specifically that defendant must attempt to board an air carrier "while having on or about his person a *concealed* deadly or dangerous weapon." (Emphasis added.) It has long been held that concealment of contraband in a legal sense is a knowing concealment and not the mere fact that the contraband is found in the possession of the defendant. *United States v. 350 Chests of Tea*, 25 U.S. (12 Wheat.) 486, 492, 6 L.Ed. 702 (1827); *United States v. Powell*, 420 F.2d 949, 950 (6th Cir. 1970).

Moreover, a serious question of due process of law would be raised if a person could be convicted under subsection (1) on the theory that any person presenting himself and his carry-on luggage for boarding inspection would be held strictly accountable for whatever may have been inadvertently left in his carry-on luggage or even might have been surreptitiously placed there by the act of another, for whatever reason. Subsection (1) does not itself specify the requisite criminal intent of the crime and the case law on this point is rather meager. Appellee cites *United States v. Dishman*, 486 F.2d 727 (9th Cir.

1973), rehearing denied Dec. 5, 1973, and *United States v. Margraf*, 483 F.2d 708 (3rd Cir. 1973), vacated 414 U.S. 1106, 94 S.Ct. 833, 38 L.Ed.2d 734 [42 L.W. 3361], for the proposition that subsection (1) does not require specific criminal intent. Both cases are distinguishable from the present case in that the defendants in those cases were aware when they submitted to a boarding search that they had in their possession the alleged contraband. In *United States v. Freed*, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971), the Court held that specific knowledge that hand grenades were unregistered was not necessary to support a conviction under the National Fire Arms Act where defendant receives or possesses such contraband. 401 U.S. at 607, 91 S.Ct. 1112. Mr. Justice Brennan concurring pointed out, however, that regardless of the lack of a requirement of specific intent "[t]he Government and the Court agree that the prosecutor must prove knowing possession of the items . . ." 401 U.S. at 612, 91 S.Ct. [1112] at 1120. Thus, it would seem clear that under subsection (1) the knowing possession of the contraband as distinguished from knowledge of its illegal character must be viewed as an element of the crime stated by that section. *See, United States v. Renner*, 496 F.2d 922 (6th Cir. 1974).[3]

[3] This Court is convinced that drawing this distinction between knowing possession of contraband as opposed to knowledge that such contraband is illegal is in no way at odds with previous decisions holding that subsection (1) is not a specific intent statute.

dered terminates upon the taking of an appeal.

The general rule to be applied where a judgment of a trial court is reversed after a bench trial was stated in *Burnham v. N. Chicago St. Ry. Co.*, 88 F. 627, 629–630 (7th Cir. 1898):

2. The stipulation to waive a jury, and to try the case before the court, only had relation to the first trial. *There could be no presumption then that there would ever be a second trial; and therefore it should not be presumed that the parties, in making the stipulation, had in mind any possible subsequent trial after the first, to which the stipulation could refer. The right of trial by jury in cases at law, whether in a civil or criminal case, is a high and sacred constitutional right in Anglo-Saxon jurisprudence, and is expressly guarantied by the United States constitution. A stipulation for the waiver of such right should therefore be strictly construed in favor of the preservation of the right.*

\*　\*　\*　\*　\*　\*

The rule and the reason for it are fairly laid down by the supreme court of Alabama in *Cross v. State*, 78 Ala. 430, as follows:

"We need not decide whether the defendant, under the facts of this case, so far waived his right of trial by jury as to justify the judge of the county court in proceeding to try the cause. \* \* \* Conceding that such was the case, all we decide is that the agreement to waive the right of trial by jury must ordinarily be construed to apply only to the particular trial at which it is made. *Such a waiver is a renunciation of a valuable constitutional right, and must be strictly construed. It may well be supposed that a defendant would be perfectly willing for a particular judge to try him, when he would not risk his successor, or that he would be willing to be tried the first time by a judge, when he would not submit to a second trial by the same judge after such officer had convicted him one or* more times, *so that the judicial mind might not afterwards be perfectly free from the influence of a bias created by the circumstances of such previous conviction. This would be sufficient ground for the challenge of a juror, and ought not to be considered as waived in the case of a judge,—at least on doubtful implication.*" *Marton v. King*, 72 Ala. 354; *Stedman's Heirs v. Stedman's Ex'rs*, 32 Ala. 525; *Benbow v. Robbins*, 72 N.C. 422. [Emphasis added.]

▆ The rationale of *Burnham* is especially compelling in view of the facts of this appeal. As the *Burnham* court noted, the right to a jury trial is a fundamental right, and a waiver should not be presumed. Here Lee waived not only the right to a jury trial, but also the right to trial by an Article III judge. And the *Burnham* court was certainly correct in its statement that when a defendant signs a waiver he ordinarily does not contemplate a retrial. As *Burnham* further observes, even though a defendant has consented *once* to a bench trial, he could reasonably be expected to object to retrial without a jury before the same judge who had previously convicted him of the same offense. In Lee's case, moreover, the magistrate who originally convicted him was appointed by and was responsible to the district judge who observed in reviewing the first conviction that Lee's story "strained credulity at best." Nevertheless, Lee was not permitted to withdraw his consent in order to have the issue of his knowledge tried before an impartial jury in the district court.

We think that if Lee is to be deemed to have waived these two constitutional rights for an unlimited number of retrials, his intentions should be evidenced by more than just his signature on a printed form, particularized only by the typed addition of his name, the number of the case, the district court, the charge, and the magistrate's name. To treat the phrase "consents to be prosecuted" from a boiler-plate form as evidencing a perpetual consent would be contrary to the rules that " 'courts indulge

every reasonable presumption against waiver' of fundamental constitutional rights," and that they require a showing of "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938).

The general rule stated in *Burnham* that the defendant's waiver of jury trial applies only to his first trial was followed and approved by the Eighth Circuit in *F. M. Davis & Co. v. Porter*, 248 F. 397 (8th Cir. 1918), and more recently the Third Circuit reached a similar conclusion in *United States v. Lutz*, 420 F.2d 414 (3d Cir.), *cert. denied*, 398 U.S. 911, 90 S.Ct. 1709, 26 L.Ed.2d 73 (1970), where the defendant with the consent of the government had waived a jury before his first trial, which ended in a mistrial. The government refused to consent to the defendant's waiver for the retrial, and the court of appeals held that the United States was not bound by its consent from the earlier trial:

> We agree with the trial judge, and reject Lutz's contention, that the prosecution was not bound by its first waiver. *The waiver referred to the earlier trial, before another judge. Once a mistrial was declared each party was free to assert or waive his rights.* 420 F.2d 416. [Emphasis added.]

These cases are in accord with the general rule in state as well as federal cases:

II. *Operation of waiver as regards new or subsequent trial.*

> The weight of authority is that a waiver of a jury trial is not operative as regards a subsequent trial, but that after waiver of a jury trial and a trial without a jury, the right of trial by jury, as regards subsequent proceedings to which it is otherwise guaranteed or applicable, remains available, and may be demanded and exercised as in original proceedings, in the absence of statute or stipulation governing the matter and compelling a contrary conclusion.
>
> "Annotation: Waiver of right to jury trial as operative after expiration of term during which it was made, or as

regards subsequent trial," 106 A.L.R. 203, 205.

Another annotation collects cases holding that the trial judge erred in denying a defendant's motion for withdrawal of a waiver of trial by jury when the waiver was executed prior to the first trial, and the motion for withdrawal was made prior to the second trial. "Withdrawal of Waiver of Right To Trial By Jury," 46 A.L.R.2d 919, § 5 at 926.

Accordingly, both precedent and policy require us to reverse Lee's conviction because Lee should have been permitted to withdraw his consent to trial by the magistrate. The case will be remanded for a new trial at which appellant, as provided in 18 U.S.C. § 3401(b) and Rule 2(b), Magistrates Rules, will have the right to elect to be tried before a judge, and jury, in the district court.

EDWARDS, Circuit Judge (concurring).

Although I agree with the result reached by my colleagues in this case, I do not travel exactly the same route to decision.

It seems to me that all of the facts in this case would point to affirmance of the judgment of conviction if it were not for there being a genuine doubt about the continuing validity of appellant's waiver of a jury trial after the reversal and remand of the case by the District Court, as detailed in the majority opinion. It is true, of course, that the form which appellant signed states specifically that he consents "to be *prosecuted* before the Magistrate on the charge hereinbefore stated." On balance I am inclined to agree with my colleagues that signing of such a printed form does not of and by itself necessarily constitute a fully knowledgeable voluntary waiver, not only of a right to a jury trial in the first instance, but also a continuing waiver of any right to a jury trial upon the occasion of any new trial in the same proceeding.

I do not consider the rules and case law cited by the majority opinion to be controlling of the result arrived at. If they were the sole authority relied upon, I would feel

that Rule 7 of the Magistrates Rules, and Rule 33 of the Federal Rules of Criminal Procedure would tend to counterbalance them in the opposite direction.

The fact, however, that the right to a jury trial is a constitutional right directly applicable in this federal trial and that the waiver relied upon is contained in ambiguous language on a printed form at that, causes me to join in the majority's result.

A waiver form stating a defendant's consent to be prosecuted (and in the event of a new trial to be reprosecuted) before the Magistrate could, of course, be easily devised to cure the problem.