**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Mark Charles GROTH,
Defendant-Appellant.**

**No. 81–1525.**

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 30, 1981.

Decided June 29, 1982.

Robert H. Roether, Bloomfield Hills, Mich. (Court Appointed), for defendant-appellant.

Leonard R. Gilman, U. S. Atty., Robert W. Donaldson, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee.

Before EDWARDS, Chief Judge, LIVELY, Circuit Judge and WEICK, Senior Circuit Judge.

GEORGE CLIFTON EDWARDS, Jr., Chief Judge.

The defendant in this case was convicted in the United States District Court for the Eastern District of Michigan in a second bench trial. At the first trial, defendant had executed a waiver of his right to a jury trial. On completion of that trial, the District Judge, relying on evidence presented at trial and certain stipulated facts, found defendant guilty as charged. Subsequently, on motion, the District Judge set aside that conviction and ordered a new trial after determining that defendant had not fully consented to the stipulation of facts on which his conviction at the first trial rested.

Before the second trial commenced, defendant sought to withdraw his jury waiver and to voir dire the District Judge about bias presumably arising from his knowledge of facts adduced at the first trial. These motions were denied. Defendant was tried again before the U.S. District Judge without a jury and again convicted and sentenced. This is his appeal from the second conviction. His principal (but not sole) contention is that he had a constitutional right under the Sixth Amendment to have a jury at the second trial regardless of his waiver of the jury at his first trial. We conclude that it was error for the District Court to have refused defendant's demand for a jury trial and, hence, vacate the judgment and remand for a new trial.

Since the jury issue is controlling, only an abbreviated statement of facts pertaining to the other issue in the case is necessary. Drug enforcement agents of the federal government had placed defendant under surveillance after being informed that he had placed orders for chemicals with the Sargent-Welch Scientific Company of Detroit on August 14, 1979. On October 3 of

the same year, defendant was observed at the Company picking up two chemicals which had previously been ordered, piperidine and P-toluene sulphonic acid. DEA agents then trailed defendant to a park in Marshall, Michigan, where they observed him transferring the package of chemicals to the trunk of his car.

On the following day, after being further trailed, defendant was arrested by a DEA agent, who told him he was being arrested for violating the federal drug laws and his car was being seized. Before the car was towed away, the DEA agent opened its trunk and found "a box which obviously had been opened, with the neck of a brown bottle sticking out of the box." The bottle proved to contain piperidine. The trunk also contained a suitcase, which the agent opened. It was found to hold chemical glassware and other drug-manufacturing paraphernalia. Finally, the trunk contained a paper bag containing two books relating to the manufacturing of drugs.

The charge on which defendant was convicted was possession of piperidine with intent to manufacture phencyclidine in violation of 21 U.S.C. § 841(d). Defendant's motion to suppress the evidence found in the trunk was denied, and at trial, he was convicted and sentenced to two years in prison.

This was a well-tried case before a careful judge who had already granted defendant a new trial because of a technical error. Unfortunately, we find that an error occurred in the retrial which implicates the fundamental constitutional right to a jury trial provided by the Sixth Amendment. This amendment commands, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . ."

At the first trial, it was clear that defendant waived a jury trial. The waiver form, however, contained no reference to any possible retrial. Defendant claimed that he was prejudiced by the fact that the judge before whom he was to be retried had already found him guilty. As noted above, at that point, he demanded a trial by jury.

In *United States v. Lee*, 539 F.2d 606 (6th Cir. 1976), this court held as follows:

We have found no precedent deciding the question whether a defendant's consent to trial by a magistrate continues in force after reversal by a reviewing court, but there are two related situations that may suggest the proper rule. The first is where a tribunal grants a new trial in the interests of justice without the intervention of a reviewing court. In this situation, it appears appropriate to hold that waiver of a jury trial or consent to trial by a magistrate should continue in force. F.R.Crim.P. 33 and Magistrates Rule 7, which permit the tribunal to simply vacate the judgment and reopen the original proceedings in an appropriate case, may be construed to require this result. The second situation is when a reviewing court finds error in the conduct of a trial and reverses with directions for a new trial. In that situation the general rule is that a litigant is not bound by his prior waiver of a jury trial. We believe that this appeal is more like the situation where an appellate court has ordered a retrial. Unless the language of a waiver unambiguously states that it will apply in all retrials should they be ordered, a waiver should not continue in effect after the jurisdiction of the court to which it was tendered terminates upon the taking of an appeal.

*Id.* at 608–09.

The U.S. Attorney relies upon the rationale first discussed above, while defendant relies upon the language of "the second situation." Our instant case, of course, is not directly controlled by *Lee* since it does not involve the relationship between a magistrate and the District Judge, nor is it controlled by Rule 33, Federal Rules of Criminal Procedure, which rule in pertinent part reads as follows:

The court on motion of a defendant may grant a new trial to him if required in the interest of justice. If trial was by the court without a jury the court on

motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment.

While Rule 33 lends some weight to the argument of the U.S. Attorney in this case, we do not believe it to be dispositive since there is no reference therein to a motion to withdraw a waiver of jury trial before commencement of a second trial.

In the case closest to our present facts, *United States v. Lutz,* 420 F.2d 414 (3d Cir. 1970) (per curiam), the court said:

> This brings us to Lutz's final point; namely, that he was entitled to be tried without a jury. Before the first trial, the prosecution and the defense with the approval of the trial judge waived a jury trial, pursuant to Rule 23(a) of the Federal Rules of Criminal Procedure. The prosecution refused to waive the jury at the second trial. We agree with the trial judge, and reject Lutz's contention, that the prosecution was not bound by its first waiver. The waiver referred to the earlier trial, before another judge. Once a mistrial was declared each party was free to assert or waive his rights. In addition, the new judge at the second trial insisted that the second trial be before a jury. And in any event, Judge Fullam filed a sealed finding at the time he submitted the case to the jury which was identical with that eventually returned by the jury.

420 F.2d at 416.

Here again of course the facts are not identical to those confronting us now. The concurring judge in *United States v. Lee, supra,* reasoned as follows:

> The fact, however, that the right to a jury trial is a constitutional right directly applicable in this federal trial and that the waiver relied upon is contained in ambiguous language on a printed form at that, causes me to join in the majority's result.
>
> A waiver form stating a defendant's consent to be prosecuted (and in the event of a new trial to be reprosecuted)

before the Magistrate could, of course, be easily devised to cure the problem.

539 F.2d at 611.

We conclude as to this issue that waiver of a jury trial does not bar a demand for a jury on retrial of the same case unless the original waiver explicitly covers this contingency. As a consequence, we reverse.

The search and seizure issues on retrial will be governed by the standards recently laid down in *United States v. Ross,* —— U.S. ——, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).

Reversed and remanded for new trial.