UNITED STATES of America,
Plaintiff–Appellee,

v.

Lance H. MORTENSEN,
Defendant–Appellant.

No. 87–3072.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 1988.

Decided Nov. 4, 1988.

Scott McLarty, Athens, Ga., for defendant-appellant.

Robert H. Westinghouse, Asst. U.S. Atty., and Milton J. Carter, Jr., Sp. Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before WRIGHT, WALLACE and HUG, Circuit Judges.

HUG, Circuit Judge:

After two jury trials before the U.S. Magistrate for the Western District of Washington, Lance H. Mortensen was convicted and sentenced for willful failure to file a tax return. Mortensen appeals the

district court order affirming his conviction and sentence. He presents two issues on appeal: (1) whether he should have been allowed to withdraw his consent to trial before the magistrate after his first trial ended in a mistrial, and (2) whether the magistrate erred in admitting into evidence on retrial the testimony Mortensen gave during the first trial. We hold that a defendant is entitled to withdraw in a timely manner his consent to trial before a magistrate. Because we find that Mortensen's withdrawal motion was not timely and that his evidence claim is meritless, we affirm the district court order.

## FACTS

In 1985, Mortensen was charged with four counts of willful failure to file a tax return under 26 U.S.C. § 7203. He consented in writing to trial before a magistrate as provided by 18 U.S.C. § 3401(b). His first jury trial ended in a mistrial on December 7, 1985, after the jury failed to reach a unanimous verdict. The magistrate scheduled a retrial. On the morning of the retrial, April 21, 1986, Mortensen moved to withdraw his consent to trial before the magistrate. The magistrate transferred the proceedings to the district court for a ruling on the motion. The district judge denied the motion and returned the case to the magistrate for trial. Mortensen then made an emergency interlocutory appeal to this court, which was denied. On April 22, 1986, Mortensen's second jury trial began and ended some time later in his conviction. On July 30, 1986, the magistrate sentenced Mortensen to one year of imprisonment and imposed a $4,000 fine. Mortensen appealed immediately to this court. We returned the appeal to its proper forum, the district court. On June 25, 1987, the district court affirmed the conviction and sentence. Mortensen now appeals this order.

## STANDARD OF REVIEW

Because this appeal involves questions of federal law alone, we conduct a *de novo* review of the issues presented. *In re Bialac*, 712 F.2d 426, 429 (9th Cir.1983).

## JURISDICTION

■ Before discussing the merits of Mortensen's contentions, a jurisdictional issue requires some attention. We note that Mortensen failed to file his notice of appeal within the 10-day period established by Rule 4(b), Fed.R.App.P. Rule 4(b) requires that "[i]n a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of the judgment or order appealed from.... A judgment or order is entered ... when it is entered in the criminal docket." Compliance with Rule 4(b) is, of course, both mandatory and jurisdictional. *United States v. Eccles*, 850 F.2d 1357, 1363 (9th Cir.1988). The district court issued its order on June 25, 1987; the clerk of the court entered the order on June 26, 1987. Under the 10-day rule, Mortensen had until July 6, 1987, to file the notice of appeal. He did not file the notice until July 7, 1987.

In a criminal case, failure to file a notice of appeal within Rule 4(b)'s 10-day period is not necessarily a fatal mistake. Rule 4(b) also provides

> Upon a showing of excusable neglect the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.

When a defendant in a criminal case has filed a notice of appeal after the 10-day period, but within the 30-day period in which the district court could have extended the time for filing, this court will remand to the district court to allow the appellant to make a showing of excusable neglect even though the defendant did not file a motion for extension within the 30-day period. If a proper showing of excusable neglect is made, the district court may rule that an extension of time, not to exceed 30 days, is appropriate. Upon a ruling by the district court that such an extension of time is appropriate, a notice of appeal filed within that extension period is

deemed timely. *United States v. Stolarz,* 547 F.2d 108, 111–12 (9th Cir.1976). We retain jurisdiction pending the district court's determination on remand and postpone ruling on whether the appeal was timely. *Id.* at 112. In this case, we discovered that the filing of the notice of appeal occurred after the 10–day period. On November 13, 1987, a prior panel of this court ordered a remand to the district court for an extension ruling. Mortensen moved on December 9, 1987, for an extension of 30 days on grounds of excusable neglect. The district court found excusable neglect and granted the motion on December 23, 1987. Consequently, we hold that the appeal was timely under Rule 4(b). We thus have jurisdiction pursuant to 28 U.S.C. § 1291.

## DISCUSSION

### 1. *Withdrawal of Consent*

■ Mortensen claims that the mistrial ended the vitality of his consent to trial before a magistrate. He contends that the magistrate and district judge improperly denied him the opportunity to withdraw.

■ We hold that consent to trial before a magistrate·is not automatically cancelled by a mistrial but continues in force until it is revoked or withdrawn in a timely fashion. Although our circuit has not directly addressed this issue, the Sixth Circuit has confronted the withdrawal question. In *United States v. Lee,* 539 F.2d 606 (6th Cir.1976), the Sixth Circuit discussed two situations involving withdrawal of consent. One situation dealt with withdrawal following an order for a second trial after appellate review of the magistrate's decision. In that context, the *Lee* court held that consent could not be deemed to continue after the first trial. *Lee,* 539 F.2d at 608–09. The other situation dealt with withdrawal after the magistrate had ordered a second trial without the intervention of an appellate court. In that case, the *Lee* court decided that "it appears appropriate to hold that waiver of a jury trial or consent to trial by a magistrate should continue in force." *Id.* at 608. The rule developed in *Lee* states, in other words, that so long as the jurisdiction of the trial court is not broken by the taking of an appeal, the consent continues through subsequent proceedings. We find this rule reasonable.

The continuity of consent, however, is only a presumption. Although jurisdiction might remain unbroken, consent can be withdrawn by the defendant if done in a timely manner. Waiver of the right to trial before an Article III judge involves important constitutional rights. *See United States v. Dobey,* 751 F.2d 1140, 1142–43 (10th Cir.1985), *cert. denied,* 474 U.S. 818, 106 S.Ct. 63, 88 L.Ed.2d 52 (1985) (applying to criminal cases the Ninth Circuit's civil case holding in *Pacemaker Diagnostic Clinic of America v. Instromedix,* 725 F.2d 537, 541 (9th Cir.1984) (en banc), *cert. denied,* 469 U.S. 824, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984), "that parties to a case or controversy in a federal forum are entitled to have the cause determined by Article III judges"). Like the waiver of some other constitutional rights, it should not, once uttered, be deemed forever binding. Our circuit has held, for example, that once a waiver of the right to counsel has been made, a defendant is entitled to withdraw the waiver and ask for an attorney in a later proceeding. *United States v. Kennard,* 799 F.2d 556 (9th Cir.1986). Another court has held that waiver of the right to a jury trial can be withdrawn before a retrial of the same case. *United States v. Groth,* 682 F.2d 578, 580 (6th Cir.1982). We believe that a party who consents to trial before a magistrate is entitled to the same chance for withdrawal.

■ We require only that the notice of withdrawal be timely. Timeliness is not a concept subject to precise quantification. The circumstances of each individual case determine its contours. In accord with a well-established tradition, we hold that a withdrawal motion is timely when granting the motion would not unduly interfere with or delay the proceedings. *Cf. Arnold v. United States,* 414 F.2d 1056, 1059 n. 1 (9th Cir.1969), *cert. denied* 396 U.S. 1021, 90 S.Ct. 593, 24 L.Ed.2d 514 (1970); Annotation, *Withdrawal of waiver of right to*

*jury trial in criminal case,* 46 A.L.R.2d 922–25 (1956).

Mortensen's motion to withdraw clearly failed to satisfy the timeliness requirement. He waited to file the motion until the morning on which the retrial was scheduled to begin, with a jury panel called and waiting in the courthouse. Behavior of this sort seems intentionally calculated to cause delay and interference. Prior to the retrial date, Mortensen gave every indication that he anticipated retrial before the magistrate. Mortensen allowed without objection the scheduling of a new hearing before the magistrate; he set a date for the submission of pretrial motions to the magistrate; he submitted a material witness warrant that explicitly referred to retrial before the magistrate; he filed with the magistrate a motion to dismiss that did not express a change in his consent status; he sought and received a continuance from the magistrate. These actions demonstrate that Mortensen continued to consent to trial before the magistrate up to the very morning the trial was to begin. In light of these factors, we conclude that Mortensen's withdrawal motion was untimely and therefore properly denied.

## 2. *Admission of Testimony*

■ Mortensen argues that the magistrate improperly admitted into evidence on retrial Mortensen's testimony during the first trial. Citing *Harrison v. United States,* 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968), Mortensen claims that he had a right to appellate review of the circumstances surrounding his taking of the stand during his first trial before admission of his testimony in the second trial. He contends that, because the mistrial does not constitute a final judgment, no appellate review of his evidentiary objections was possible.

Mortensen's reliance on *Harrison* is misplaced. A defendant's testimony in a prior trial is normally admissible in subsequent proceedings. *Harrison* states that an exception to this rule arises when the defendant's prior testimony was compelled by the need to counter evidence that was illegally obtained and improperly admitted. *Harrison,* 392 U.S. at 222–23, 88 S.Ct. at 2010–11. Although Mortensen vigorously asserts that illegally obtained and improperly admitted evidence compelled his testimony, he offers no concrete examples of the allegedly deficient evidence and no explanation of the legal errors allegedly made by the magistrate. Instead, Mortensen asks this court to create a new rule that would extend *Harrison* to proceedings that are non-final. This extension far exceeds *Harrison's* teachings. In order to establish that the *Harrison* exception applies, Mortensen must demonstrate, on this appeal of his ultimate conviction, that illegally obtained and improperly admitted evidence compelled his testimony in the prior trial. He has failed to do so.

AFFIRMED.