953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth KOLSTAD, Defendant-Appellant.
 Nos. 90-10146, 90-10185.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 13, 1992.*
Decided Jan. 30, 1992.
 
 Before SNEED, SCHROEDER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth Kolstad pled guilty to possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He appeals his sentence, arguing that the district court erred by failing to consider his schizophrenia as a mitigating factor at sentencing. However, because Kolstad did not timely appeal the district court's judgment of conviction, we lack jurisdiction. Fed.R.App.P. 4(b); United States v. Mortensen, 860 F.2d 948, 949 (9th Cir.1988), cert. denied, 490 U.S. 1036 (1989).
 
 
 3
 The appellant had ten days, following entry of judgment on January 19, 1990, to appeal his conviction or his sentence. Sixteen days later, on February 4, 1990, he wrote a letter to the court indicating his intent to appeal. On March 22, 1990, Kolstad filed an amended notice of appeal and alternative motions to either extend the time for appeal under 28 U.S.C. § 2255 or vacate, set aside or correct his sentence. These motions were denied by the district court on April 6, 1990.
 
 
 4
 The district court correctly denied Kolstad's motion for an extension of time in which to file an appeal. At sentencing on January 12, 1990, the court informed Kolstad that judgment would be entered pursuant to his guilty plea, and that he had the right to appeal both his sentence and the conviction. To be eligible for an extension of time to file the appeal, Kolstad needed to establish excusable neglect. Fed.R.App.P. 4(b); United States v. Mortensen, 860 F.2d 948, 949 (9th Cir.1988). He failed to present to the district court sufficient evidence of excusable neglect. Even if, as he argues, written notification of the entry of judgment was sent to the wrong address, and never reached him, by virtue of his presence when the plea was accepted by the court, he had notice that judgment would be entered, and that he could appeal his sentence or conviction.
 
 
 5
 Moreover, Kolstad's motion to vacate, set aside or correct his sentence was properly denied on the merits. The district court lacked authority to grant a downward departure even if Kolstad had timely appealed his sentence and had shown himself to be a victim of "diminished capacity" under Sentencing Guidelines § 5K2.13. Kolstad's offense of conviction required a statutorily mandated minimum sentence. Under Guidelines section 5G1.1(b), that mandatory minimum sentence precluded departure below the statutorily required sentence. United States v. Williams, 939 F.2d 721, 726 (9th Cir.1991).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3