94 F.3d 653
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Garfield JOSEPH, Jr., Defendant-Appellant.
 No. 95-30346.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 5, 1996.
Decided Aug. 15, 1996.
 
 Before: ALARCON, NORRIS, and KLEINFELD, Circuit Judges.
 
 ORDER
 
 1
 We lack jurisdiction over this appeal because the notice of appeal was not filed within ten days of the final judgment. Fed.R.App.P. 4(b); United States v. Clark, 984 F.2d 319, 320 (9th Cir.1993). The final judgment was filed and docketed October 20, and the statement of reasons subsequently filed was not a judgment.
 
 
 2
 The notice of appeal was filed in the thirty day period during which the district court could have extended the time for filing a notice of appeal. See Fed.R.App.P. 4(b) ("Upon a showing of excusable neglect, the district court may--before or after the time has expired, with or without motion and notice--extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.") We therefore remand to allow the appellant to make a showing of excusable neglect and the district court to rule upon it:
 
 
 3
 When a defendant in a criminal case has filed a notice of appeal after the 10-day period, but within the 30-day period in which the district court could have extended time for filing, this court will remand to the district court to allow the appellant to make a showing of excusable neglect even though the defendant did not file a motion for extension within the 30-day period.
 
 
 4
 United States v. Mortensen, 860 F.2d 948, 949 (9th Cir.1988). See Pioneer Investment Services Co. v. Brunsick Assoc. Ltd. Partnership, 113 S.Ct. 1489 (1993), and see Stutson v. United States, 116 S.Ct. 600 (1996), regarding the standard for excusable neglect.
 
 
 5
 We retain jurisdiction, in order to adjudicate the appeal if the district court makes a finding of excusable neglect.
 
 
 6
 REMANDED.