[No. G021342. Fourth Dist., Div. Three. July 29, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
JAVIER MORALES SOLIS, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I and II.

## COUNSEL

Ronald P. Kaplan, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Jeffrey J. Koch and Bradley A. Weinreb, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SONENSHINE, J.**—This is the second time we review this matter. In 1995, Solis was convicted of eight narcotics-related offenses based upon the discovery of drugs during a search of his home on May 25, 1994. In the same trial, he was also found guilty of transporting methamphetamine and cocaine on October 20, 1994. In reviewing the matter the first time, we ruled the court should have granted Solis's Penal Code section 1538.5 motion to suppress evidence obtained during the May 25th search. (*People* v. *Solis* (July 31, 1996) G018074 [nonpub. opn.].) We determined there was insufficient probable cause to support the search warrant and the good faith exception would not save the day. "[Officer] Hunt could not have held an objectively reasonable belief probable cause existed at the time he applied for the warrant because he failed to corroborate the information he obtained from the untested informant. . . . [Hunt] ha[d] no reasonable grounds for believing [the] warrant was properly issued." (*Ibid.*)

However, because the record was silent as to what transpired between Solis's May 25th and October 20th arrests, we ordered the court "to reconsider Solis's motion to suppress evidence seized on the latter date to determine whether such evidence 'ha[d] been come at by exploitation of the [initial] illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' (*Wong Sun* v. *United States* (1963) 371 U.S. 471, 488 [83 S.Ct. 407, 9 L.Ed.2d 441].)" (*People* v. *Solis, supra,* G018074.) The court reconsidered the matter, denied the suppression motion and found Solis guilty of the October 20th offenses. In this appeal, Solis maintains his motion should have been granted and a third trial is warranted because he never waived his right to a jury in the second trial. We find only the latter contention has merit.

I, II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

III

### RIGHT TO TRIAL BY JURY

In our previous opinion, we instructed "If the court finds sufficient attenuation to deny the motion, the counts relating to the [October 20th] arrest . . . *must be retried* because evidence from the first arrest was used to support the court's finding Solis possessed cocaine and methamphetamine

---

*See footnote, *ante*, page 62.

for sale . . . ." (*People* v. *Solis, supra,* G018074, italics added.) The court did this: After duly reconsidering the matter, it denied the motion and informed Solis he was entitled to a trial on the October 20th offenses.[2] Solis's counsel informed the court, "I've discussed the retrial with Mr. Solis. And inasmuch as it was a court trial the first time around, back in 1995, we are willing to have the court reconsider the testimony, excising that portion that the Court of Appeal indicated came about because of the items found on May 25th." The trial judge told the parties he would take the matter under submission, saying he would make his ruling after lunch. When the parties returned, the court found Solis guilty of all the charges. The following exchange then took place:

"[District Attorney]: Your honor, just before sentencing, I don't recall if a—before we adjourned if there was a waiver of defendant's right to a jury trial. [¶] I know counsel said he wanted to submit on . . . the trial transcript of the last court trial, but I don't know if there was a waiver of this defendant's right to a jury trial.

"[Solis's counsel]: Yeah.

"[Court]: Well the defendant had already waived jury trial.

"[Solis's counsel]: That's true.

". . . . . . . . . . . . . . . . . . . . . . . . . . . .

"I think the court ought to take the waiver again, because it did indicate a retrial. And I suppose that may have meant he could have exercised his right to have a jury trial today. . . . [¶] . . . [¶] Unless the court feels otherwise.

"[Court]: Well, . . . . I've already found the defendant guilty in a court trial, and I'm not at this time going to ask him for a waiver.

"[Solis's counsel]: That's fine."

■ The Attorney General contends failure to obtain Solis's waiver was of no consequence because his waiver in the first trial extended to his retrial following the remand and reversal. We find a new waiver was required.

■ We begin by noting the well-established principle, " 'The right of trial by jury in cases at law, whether in a civil or criminal case, is a high and

---

[2]This portion of the record belies the Attorney General's contention our order for *retrial* was intended and construed to be something less. The court properly understood our disposition as mandating a new trial on the matter.

sacred constitutional right in Anglo-Saxon jurisprudence, and is expressly guaranteed by the United States Constitution. A stipulation for the waiver of such a right should therefore be strictly construed in favor of the preservation of the right.' " (*United States* v. *Lee* (6th Cir. 1976) 539 F.2d 606, 609, italics omitted.)

 Although there are no published opinions in California specifically addressing whether a jury trial waiver remains in effect for a subsequent retrial of the same case, the contention has been considered and rejected in many other state and federal courts. (*United States* v. *Groth* (6th Cir. 1982) 682 F.2d 578; *United States* v. *Lee, supra,* 539 F.2d 606, 610; *People* v. *Mixon* (1994) 271 Ill.App.3d 999 [208 Ill.Dec. 385, 649 N.E.2d 441, 443]; *People* v. *Hamm* (1980) 100 Mich.App. 429 [298 N.W.2d 896, 898]; *State* v. *Di Frisco* (1990) 118 N.J. 253 [571 A.2d 914, 930]; see also Annot., Waiver of Right to Trial by Jury as Affecting Right to Trial by Jury on Subsequent Trial of Same Case in Federal Court (1984) 66 A.L.R.Fed 859, 869, § 7 and cases cited.)

For example, in *United States* v. *Lee* the defendant waived his right to a jury trial and was found guilty by a magistrate of attempting to board an aircraft while carrying a dangerous concealed weapon. The defendant was successful on appeal, persuading the district court to remand the matter for a retrial. Before his second trial, the defendant moved to withdraw his waiver. His request was denied and the magistrate again found the defendant guilty of the charged offenses. The district court affirmed this ruling, but the Sixth Circuit Court of Appeals reversed and remanded the matter, holding the defendant's waiver was not operative in the retrial. It stated, "We have found no precedent deciding [this] question . . . but there are two related situations that may suggest the proper rule. The first is where a tribunal grants a new trial in the interests of justice without the intervention of a reviewing court. In this situation, it appears appropriate to hold that waiver of a jury trial or consent to trial by a magistrate should continue in force. [Citations.] . . . The second situation is when a reviewing court finds error in the conduct of a trial and reverses with directions for a new trial. In that situation the general rule is that a litigant is not bound by his [or her] prior waiver of a jury trial." (*United States* v. *Lee, supra,* 539 F.2d at p. 608.)

In addition, the *Lee* court reasoned, " 'The stipulation to waive a jury, and to try the case before the court, only had relation to the first trial. There could be no presumption then that there would ever be a second trial; and therefore it should not be presumed that the parties, in making the stipulation, had in mind any possible subsequent trial after the first, to which the stipulation could refer.' " (*United States* v. *Lee, supra,* 539 F.2d at p. 609,

italics omitted.) Indeed, " 'It may well be supposed that a defendant would be perfectly . . . willing to be tried the first time by a judge, when he would not submit to a second trial by the same judge after such officer had convicted him one or more times, so that the judicial mind might not afterwards be perfectly free from the influence of bias created by the circumstances of such previous conviction. . . . ' [Citations.]" (*Ibid.*, italics omitted.)

For these same reasons, we find Solis's waiver of trial by jury applied only to his first trial. The second trial was in violation of his constitutional rights. and therefore the resulting convictions must be reversed.[3] We order the matter be remanded for a new trial. In all other respects the judgment is affirmed.

Wallin, Acting P. J., and Crosby, J., concurred.

---

[3]We are unpersuaded by the Attorney General's alternative claim Solis's counsel invited this error. "[T]he doctrine applies only where the record affirmatively shows that counsel acted for tactical reasons and not out of ignorance or mistake." (*People* v. *Lara* (1994) 30 Cal.App.4th 658, 673 [35 Cal.Rptr.2d 886].) Here, the failure to obtain Solis's waiver was not discovered until after the court found him guilty of the charges. The waiver was overlooked, not ignored for tactical reasons. In any event, Solis's counsel could not have impliedly made the waiver on Solis's behalf because the Constitution requires a defendant to personally waive this right in open court. (Cal. Const., art. I, § 16.)

We also reject the Attorney General's assertion Solis waived his right to complain because he had an affirmative duty to withdraw his waiver and request a jury for the retrial. As explained above, there was no pending waiver in effect on retrial for Solis to withdraw. Moreover, imposing such a duty on a defendant would be inconsistent with the constitutional mandate that waiver of the right to a jury trial must be made "by the consent of both parties . . . in open court . . . ." (Cal. Const., art. I, § 16.)