**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10007 |
| Plaintiff - Appellee, | D.C. No. 2:05-cr-00580-SMM |
| v. | |
| CHRISTOPHER AUGUSTINE BROWN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted September 27, 2011[**]

Before:     HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

Christopher Augustine Brown appeals pro se from the district court's denial

of his motion for an extension of time to file an appeal, and of his motion to correct

his underlying sentence based on a computation error.  We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We first address whether we may hear Brown's appeal. The district court properly denied Brown's untimely request for an extension of time to file an appeal of his sentence because he failed to establish excusable neglect. *See* Fed. R. App. P. 4(b); *United States v. Mortensen*, 860 F.2d 948, 949 (9th Cir. 1988). Nevertheless, because the government forfeited the argument that Brown's appeal is untimely, we may exercise jurisdiction over Brown's claim. *See United States v. Sadler*, 480 F.3d 932, 940 (9th Cir. 2007). Likewise, the plea agreement does not preclude review of Brown's claim, as the agreement is silent regarding his right to challenge an alleged computation error. *See United States v. Speelman*, 431 F.3d 1226, 1229-31 (9th Cir. 2005).

Brown is not entitled to relief, however, because the record reflects the district court did not award credit, nor did it intend to credit him, for the time he spent in state custody.

Brown's opening brief also seeks to raise additional arguments presented for the first time on appeal, which we decline to consider. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**