FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 02 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARTHUR JAMES ROSS, JR., | No. 10-56297 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-00965-AG-DTB |
| v. | |
| J. N. KATAVICH, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted July 10, 2013
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Arthur Ross, Jr. (Ross) appeals the district court's denial of his petition for

habeas corpus. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1.     The sentencing court violated *Cunningham v. California*, 549 U.S. 270, 281-82 (2007), by relying on aggravating factors not found by the jury to impose sentence.  However, the California Court of Appeal affirmed the enhanced sentence in reliance on an aggravating factor (use of a firearm during the commission of the crime) that was found beyond a reasonable doubt by the jury. We review the California Court of Appeal's decision as the last reasoned decision from the state courts.  *See Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011). Having done so, we conclude that the California Court of Appeal reasonably applied *Cunningham*.

2.     Ross next asserts that the California Court of Appeal impermissibly considered the use of a firearm as both a sentence enhancement and to impose an upper term sentence.  Tellingly, Ross relies on California Penal Code § 1170(b) and Rule 4.420(c) of the California Rules of Court as the sources of his claim. However, claims predicated on state law are not cognizable in federal habeas proceedings.  *See Rhoades v. Henry*, 638 F.3d 1027, 1053 (9th Cir. 2011), *as amended*.

**3.** Ross's claim that the California Court of Appeal unreasonably rejected his argument that his initial jury waiver was no longer effective on re-sentencing is similarly premised on state law, namely *People v. Solis*, 66 Cal. App. 4th 62, 66 (1998). As explained, state law claims are not cognizable in federal habeas proceedings. *See Rhoades*, 638 F.3d at 1053.

**4.** In light of our conclusion that no *Cunningham* error occurred, we need not address whether any *Cunningham* error was harmless. *See Ghent v. Woodford*, 279 F.3d 1121, 1127 (9th Cir. 2002), *as amended* (declining to address an issue that would not affect the ultimate resolution of the case).

**5.** We decline to certify Ross's claim that the trial court's denial of Ross's motion to sever his trial from that of his co-defendant violated Ross's right to a fair trial. We conclude that reasonable jurists would not hold the district court's assessment of Ross's constitutional claim to be "debatable or wrong." *Ybarra v. McDaniel*, 656 F.3d 984, 997 (9th Cir. 2011), *cert. denied*, 133 S. Ct. 424 (2012).

**AFFIRMED.**