25 F.3d 1055
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John Brett ALLEN, Petitioner-Appellant,
v.
Anthony BELASKI, Warden; United States Bureau of Prisons;
United States Marshal, Respondents-Appellees.
 No. 92-1202.
 United States Court of Appeals, Tenth Circuit.
 May 5, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before SEYMOUR, Chief Judge, and EBEL, Circuit Judge, and THOMPSON,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner John Brett Allen filed this habeas corpus action pursuant to 28 U.S.C. 2241, seeking to invalidate a federal conviction and sentence originally imposed in the Eastern District of Pennsylvania. He sought relief in the District of Colorado, however, because that is where he is currently incarcerated. He maintains it was proper to seek relief in Colorado because the Pennsylvania conviction was used to enhance his sentence on a subsequent narcotics conviction prosecuted in Colorado.
 
 
 4
 The magistrate judge issued a report and recommendation in Allen's favor. On de novo review, however, the district court dismissed the petition as premature because Allen had not been sentenced in the Colorado case at the time this habeas action was filed. In the alternative, the court concluded the petition had no merit. We affirm the dismissal, albeit on different grounds.
 
 
 5
 The Pennsylvania sentence was imposed in 1978. Allen was convicted, along with two coconspirators, of marijuana possession with intent to distribute. On direct appeal, the conviction of one of the coconspirators was reversed based on a lack of sufficient evidence. A second coconspirator had his conviction affirmed. Allen's case was remanded for resentencing.
 
 
 6
 Following resentencing, Allen filed a 2255 motion arguing that his conviction was not based on sufficient evidence. The district court agreed and granted him a new trial. The decision was reversed on appeal, however, and the case remanded to implement the new sentence. United States v. Allen, 613 F.2d 1248, 1253 (3d Cir.1980). Allen now argues that pursuant to Burks v. United States, 437 U.S. 1 (1978), it was incumbent upon the district court to grant him a judgment of acquittal, rather than a new trial, when that court concluded the evidence was insufficient. In this matter, the only relief he seeks is an order of this court requiring the Eastern District of Pennsylvania to enter that judgment, thus nullifying the prior conviction.
 
 
 7
 As a preliminary matter, we take note, as did the district court, that Allen had not been sentenced in the underlying Colorado case at the time he filed this 2241 petition. The magistrate judge erroneously concluded otherwise in his report and recommendation. As we normally look to see whether the "in custody" requirement is satisfied at the time of filing, this raises a legitimate question concerning whether this petition was premature. See Fernos-Lopez v. Figarella-Lopez, 929 F.2d 20, 23-25 (1st Cir.) (holding that custody not established where petitioner was not incarcerated until 22 days after habeas action filed), cert. denied, 112 S.Ct. 244 (1991). But cf. Hudson v. Crouse, 420 F.2d 416, 418 (10th Cir.1970) (noting that petitioner was not resentenced until twenty-eight days before habeas appeal was filed, but nevertheless considering constitutionality of resentencing).
 
 
 8
 We need not decide the custody question, however, because we conclude that the petition is premature for other reasons. In addition to filing this 2241 matter, Allen has also filed a petition in the Eastern District of Pennsylvania pursuant to 28 U.S.C. 2255. The two cases were filed in very close proximity to one another. In his 2255 petition, Allen raised the exact same issue he brings here with respect to the alleged invalidity of the Pennsylvania conviction. On December 14, 1993, the district court in the Eastern District of Pennsylvania rejected Allen's challenge to the conviction and sentence. See United States v. Allen, No. 91-1936, 1993 WL 524159, at * 5 (E.D. Pa. Dec.14, 1993) (unpublished memorandum and order).
 
 
 9
 "Motions under the federal habeas statute must be brought in the sentencing court, preferably before the sentencing judge who is most familiar with the case." Carter v. Attorney General, 782 F.2d 138, 141 (10th Cir.1986). If collateral attacks were routinely brought in jurisdictions other than those where the conviction and sentence were imposed, there would be "a substantial danger of inconsistent, even contradictory, decisions." United States v. Condit, 621 F.2d 1096, 1098 (10th Cir.1980). Although it certainly would be proper, under the right circumstances, for Allen to challenge his enhanced Colorado conviction in this court, to allow him to do so here would undermine these basic habeas principles.
 
 
 10
 The Supreme Court has recognized "that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power." Francis v. Henderson, 425 U.S. 536, 539 (1976). Indeed, the language of 2255 provides that
 
 
 11
 [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
 
 
 12
 28 U.S.C. 2255. The Eastern District of Pennsylvania district court, following a full hearing, denied Allen relief on the exact same challenge he brings here. We assume Allen has appealed that denial to the Third Circuit. As the sentencing body, the federal court in Pennsylvania is in a much better position to review Allen's claim. As a consequence, even assuming Allen has satisfied the "in custody" requirement, we defer to the ongoing proceedings in Pennsylvania as the proper forum for adjudication of these claims.
 
 
 13
 If the Third Circuit reverses the district court, and decides to grant Allen the relief he seeks, he will still be able to return to the Colorado district court to challenge his enhanced conviction under 2255. At this juncture, however, judicial economy and the federal comity doctrine require that we dismiss this petition.
 
 
 14
 The judgment of the United States District Court for the District of Colorado dismissing this habeas corpus petition is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation