**Michael ZEMUNSKI, Appellant,**

v.

**Michael L. KENNEY, Appellee.**

**No. 92–1798.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 28, 1992.

Decided Jan. 29, 1993.

See also, 230 Neb. 613, 433 N.W.2d 170.

Michael Zemunski, pro se.

Mark David Starr, Asst. Atty. Gen., Lincoln, NE, argued, for appellee.

Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.

FAGG, Circuit Judge.

Nebraska inmate Michael Zemunski appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. *See Zemunski v. Kenney,* 808 F.Supp. 703 (D.Neb.1992). We affirm.

To delay his burglary trial before a waiting jury panel, Zemunski waived his Sixth Amendment right to a jury trial after the court denied Zemunski's motion for a continuance to the next jury panel. Later, when Zemunski's bench trial began, he moved to withdraw his waiver. The court denied the motion. During the trial, the judge suffered a heart attack and a new judge granted Zemunski a mistrial. At the beginning of the second bench trial more than a month later, Zemunski again moved to withdraw his waiver without explanation for the delay in presenting his motion. The court denied the motion. After the second trial, the court found Zemunski guilty of burglary. The Nebraska Supreme Court affirmed his conviction. *State v. Zemunski,* 230 Neb. 613, 433 N.W.2d 170 (1988).

Zemunski contends the trial court denied his Sixth Amendment right to a jury trial by refusing the motion to withdraw his jury waiver at Zemunski's second bench trial. We disagree. Although a mistrial does not automatically cancel a jury waiver, a defendant may withdraw the waiver before a retrial. *See United States v. Groth,* 682 F.2d 578, 579–80 (6th Cir.1982). If the motion to withdraw is untimely, however, a trial court does not deprive the defendant of the right to a jury trial by denying the motion. *See United States v. Mortensen,* 860 F.2d 948, 950–51 (9th Cir. 1988), *cert. denied,* 490 U.S. 1036, 109 S.Ct. 1935, 104 L.Ed.2d 406 (1989). Although timeliness depends on the circumstances of each case, "[a] withdrawal motion is timely when granting the motion would not unduly interfere with or delay the proceedings." *Id.* at 950.

In this case, the record clearly shows Zemunski's withdrawal motion, like his original waiver, was filed on the first day of trial to delay the proceedings. In these circumstances, Zemunski's motion to withdraw his jury waiver was untimely. Thus, the trial court did not deny Zemunski his right to a jury trial by refusing the withdrawal motion.

Zemunski also contends he did not receive a fair trial or appeal because of judicial bias. After carefully reviewing the record, we agree with the district court that Zemunski's assertions are unsupported by facts entitling him to an evidentiary hearing. *See Wiggins v. Lockhart,* 825 F.2d 1237, 1238 (8th Cir.1987), *cert. denied,* 484 U.S. 1074, 108 S.Ct. 1047, 98 L.Ed.2d 1010 (1988).

Accordingly, we affirm the district court's denial of Zemunski's habeas petition.