**Fran SINISTAJ, Petitioner,**

v.

**Sherry BURT, Respondent.**

**No. 93–CV–70618–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 18, 1994.

Fran Sinistaj, in pro. per.

Arthur E. D'Hondt, Asst. Atty. Gen., Habeas Corpus Div., Lansing, MI, for respondent.

## OPINION

GILMORE, District Judge.

Petitioner Fran Sinistaj, an inmate in the custody of the Michigan Department of Corrections, has filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner raises the same five claims earlier raised in his appeals before the Michigan Court of Appeals and the Michigan Supreme Court in support of his request for habeas relief. These five issues include: (1) Whether the new trial judge's refusal to permit withdrawal of petitioner's waiver of a jury trial denied Petitioner his Sixth Amendment right to a jury trial; (2) Whether the transfer to the new judge, allegedly in violation of Recorder's Court docket control directives, denied Petitioner his Fourteenth Amendment right to due process of law; (3) Whether it was error to exclude evidence of his co-defendant's conviction when the charge was carrying a concealed weapon and there was only one gun involved; (4) Whether Petitioner was denied a fair trial by the prosecutor's failure to produce, or inform defense counsel of the name, and existence of, *res gestae* witnesses, and by defense counsel's failure to force the prosecutor to investigate the case and find these witnesses; and (5) Whether the sentence imposed constitutes an abuse of discretion because it substantially departs from the state sentencing guidelines. The matter was referred to Magistrate Judge Steven D. Pepe, who submitted a report and recommendation that the petition for habeas corpus be denied without prejudice for the reason that Petitioner presents a mixed petition, containing both exhausted claims and unexhausted claims that have not been fairly presented to the state courts. After careful consideration of the evidentiary and constitutional issues involved, the Court concludes that although the instant petition is a mixed petition, containing both exhausted and unexhausted claims, the petition for writ of habeas corpus must be granted.

I

Petitioner was charged and convicted of carrying a concealed weapon, in violation of Mich.Comp.Laws Ann. § 750.227. The bench trial of this case was held in Detroit Recorder's Court on April 27, 1990 before Judge Leonard Townsend. On that same date, Petitioner's co-defendant, Nuo Dresaj, pled guilty to carrying a concealed weapon before Judge John Patrick O'Brien.

Petitioner's case was originally assigned to Judge O'Brien. On December 8, 1989, Petitioner and co-defendant Dresaj appeared before Judge O'Brien and formally waived a jury trial. Both defendants were advised of their constitutional rights to a trial by jury and signed waivers to their right to a jury. The cases against Petitioner and Mr. Dresaj were then scheduled for a bench trial to commence on April 27, 1990.

On April 27, 1990, Mr. Dresaj pled guilty to carrying a concealed weapon before Judge O'Brien. Immediately thereafter, the prosecutor moved for a reassignment to another judge. The prosecutor claimed that reassignment was necessary because Judge O'Brien had heard the guilty plea from Mr. Dresaj and, therefore, should not sit as the trier of fact in Petitioner's trial. Although Judge O'Brien indicated that he did not see a proprietary problem with hearing the case, he agreed to allow reassignment. Counsel for Petitioner requested a blind draw to effect the reassignment of Petitioner's trial. The Prosecutor consented to this request. Judge O'Brien would not, however, allow a blind draw for reassignment of the trial. Rather, Judge O'Brien stated that the case should be reassigned to Judge Townsend because:

> It's the day of trial. I think if we've got a Judge ready to try it, we'll ship it to Townsend.

Transcript of Pre–Trial Hearing, p. 5.

On the same date, April 27, 1990, the parties appeared before Judge Townsend. Defense counsel indicated that Petitioner wished to withdraw his waiver of trial by jury and either have a jury trial or a blind draw for a new judge. The colloquy between defense counsel, the Prosecutor and the court occurred as follows:

> THE CLERK: 89–013271 People versus Fran Sinistaj, charged carrying concealed weapon, today is the date set for trial and on December 8, 1989 a waiver of trial by

jury was signed and filed before the Honorable John Patrick O'Brien.

MR. BOGDANSKI [DEFENSE COUNSEL]: As the Court is aware this Court has just been spun out of judge apparently based on the prosecution motion because Judge O'Brien heard a—

MR. KING [THE PROSECUTOR]: I am going to object to that Judge O'Brien made a legal ruling and we are here.

MR. BOGDANSKI: Over my objection we are here, your Honor. As the Court after advising my client of the situation, he indicated to me that he wish this to withdraw his waiver of jury trial and he either have a jury trial before this judge or the blind draw it.

THE COURT: This is the trial date; of course, I usually permit a waiver of trial by jury but in an instance where a waiver has been filed and it is ready to go to trial and the waiver is being withdrawn is the record I can only make the record. We are ready to proceed with the trial.

MR. BOGDANSKI: I think Judge O'Brien indicated on the record downstairs that it was his opinion he would if it came here he would have pulled the waiver of jury trial.

THE COURT: If you go and talk to three other judges three of them might say the same thing. The gentleman wants to waive a jury. He is—wanted to be—waive a trial—the waiver goes unconditionally; it doesn't go to certain judges.

MR. BOGDANSKI: My objection is, he has a right to a jury. I think his Constitutional Rights is being violated. I think he waived it before Judge O'Brien. He waived it before the Court.

THE COURT: Let's proceed with the matter.

*Transcript of Waiver and Trial,* pp. 3–4.

Judge Townsend denied Petitioner's request for a withdrawal of the waiver and the trial commenced. Following closing argument from defense counsel, Judge Townsend found Petitioner guilty of carrying a concealed weapon.

## II

28 U.S.C. § 2254[1] entitles a state prisoner to file a petition for a writ of habeas corpus in federal district court. A district court cannot grant the writ "unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b).

In *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the Supreme Court of the United States considered "whether the exhaustion rule in 28 U.S.C. §§ 2254(b), (c) requires a federal district court to dismiss a petition for a writ of habeas corpus containing any claims that have not been exhausted in the state courts." *Id.* at 510, 102 S.Ct. at 1199. The Court held "that a district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.*

However, the Supreme Court narrowed the application of *Rose* in *Granberry v. Greer,* 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987). In *Granberry* a state prisoner's habeas corpus petition was dismissed by the district court on the merits. On appeal to the Seventh Circuit, the State raised the nonexhaustion defense for the first time. The appellate court rejected petitioner's assertion that the State waived the nonexhaustion defense because the State did not raise the issue previously. Granting certiorari, the Supreme Court examined whether a State's failure to raise the nonexhaustion defense in a district court bars an appellate court from considering the merits of a habeas corpus application. *Granberry,* 481 U.S. at 130–31, 107 S.Ct. at 1673–74. The Court

---

1. 28 U.S.C. § 2254(a) provides:
   The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

held the State's failure to raise the nonexhaustion defense,

> makes it appropriate for the court of appeals to take a fresh look at the issue. The court should determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim.

*Granberry,* 481 U.S. at 134, 107 S.Ct. at 1675.

The United States Court of Appeals for the Sixth Circuit has recognized that the *Rose* case prohibits the district courts generally from ruling on mixed petitions. *See Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir.1990) (reversing District Court's dismissal of habeas petition on grounds that petitioner fulfilled the exhaustion requirement by raising his claims before the state's highest appellate court); *Shoultes v. Laidlaw,* 886 F.2d 114 (6th Cir.1989) · (holding petitioner's habeas petition containing a first amendment claim not presented to state courts was properly dismissed).

■ In addition, the Sixth Circuit interpreted *Granberry* as "allowing federal courts to use their sound discretion in deciding the waiver issue and to make exceptions in the application of the mixed petition doctrine of *Rose v. Lundy.*" *Weaver v. Foltz,* 888 F.2d 1097, 1100 (6th Cir.1989). Generally, when exhausted claims are combined with unexhausted claims which do not arise under federal law, the court may examine the merits of the exhausted claim. *Haggins v. Warden, Fort Pillow State Farm,* 715 F.2d 1050 (6th Cir.1983), *cert. denied,* 464 U.S. 1071, 104 S.Ct. 980, 79 L.Ed.2d 217 (1984) (holding that to remand an exhausted claim on grounds it was combined with a frivolous unexhausted claim was a disservice to the state courts); *Acosta–Huerta v. Estelle,* 7 F.3d 139, 142 (9th Cir.1993) (unexhausted state claim regarding evidence was denied to reach the merits of the more compelling exhausted claim that Petitioner was denied Sixth Amendment rights). In the case at bar, the denial of petitioner's Sixth Amendment right to a jury trial is an exhausted claim in a mixed petition, and demands "prompt federal intervention" by this Court.

### III

■ A claim within a habeas corpus petition does not meet the exhaustion requirement unless "the federal claim has been 'fairly presented' to the state courts." *Daye v. Attorney General of State of New York,* 696 F.2d 186, 191 (2d Cir.1982), *cert. denied,* 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984) (citing *Brown v. Allen,* 344 U.S. 443, 447–50, 73 S.Ct. 397, 402–04, 97 L.Ed. 469 (1953)). A state defendant fairly presents the constitutional nature of his claim to state courts by:

1) reliance on pertinent federal cases employing constitutional analysis,

2) reliance on state cases employing constitutional analysis in like fact situations,

3) assertion of the claim in terms so particular as to call to mind a specific right protected by the constitution, and

4) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

*Daye,* 696 F.2d at 194.

Mr. Sinistaj's petition for habeas corpus is based upon the following: 1) He was denied his Sixth Amendment right to a trial by jury; 2) He was denied due process of law when the case was transferred from Judge O'Brien to Judge Townsend; 3) The court erred in excluding evidence; 4) The prosecutor failed to produce a list of *res gestae* witnesses; 5) The sentence imposed by Judge Townsend was an abuse of discretion.

■ Only the first claim was presented as a federal question. The remaining four were not presented to the Michigan courts as issues of federal constitutional law. An unexhausted claim that does not arise under federal law is not cognizable in a federal habeas proceeding. *Acosta–Huerta,* 7 F.3d at 142. Although the second claim generally alleges a violation of due process, petitioner merely relied on a violation of a local court rule rather than citing relevant case law to support his claim. In general, as the court held in *Long v. Smith,* 663 F.2d 18 (6th Cir.1981), *cert. denied,* 455 U.S. 1024, 102

S.Ct. 1724, 72 L.Ed.2d 143 (1982), the violation of a state rule does not ordinarily present a federal constitutional question. Similarly, the claim involving a state rule of evidence, the misconduct of the prosecutor, and the length of the prisoner's sentence involve matters governed by state law. *See Acosta–Huerta,* 7 F.3d at 142; *Tillett v. Freeman,* 868 F.2d 106 (3d Cir.1989); *Martin v. Solem,* 801 F.2d 324 (8th Cir.1986); *Haggins, supra,* at 1054.

Petitioner's unexhausted claims are matters of state, not federal law. As a result, habeas corpus relief in federal court is unavailable. Therefore, the unexhausted claims are dismissed and this Court has the authority to address the merits of the more compelling exhausted claim involving petitioner's Sixth Amendment right to a jury trial.

### IV

The Sixth Amendment to the United States Constitution protects the interests of the accused: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the State and district wherein the crime shall have been committed." However, the accused may elect to waive this privilege. *See Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930). Federal Rule of Criminal Procedure 23(a) provides for a waiver of jury trial by the Defendant: "Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and consent of the government." The unique circumstances in this case present the court with a rare issue. In the instant case, Petitioner applies for a writ of habeas corpus on grounds that his request to withdraw his waiver of a jury trial should have been granted. Therefore, the issue before the court is whether the Michigan Courts abused their discretion in denying Petitioner's motion to withdraw his waiver of a jury trial and reassert his constitutional guarantee.

### V

■ A motion to withdraw a waiver of a jury trial is addressed to the trial court's sound discretion, and demands the court weigh the facts and circumstances of each particular case. *United States v. Wright,* 491 F.2d 942 (6th Cir.), *cert denied,* 419 U.S. 862, 95 S.Ct. 113, 42 L.Ed.2d 97 (1974) (acknowledging the importance of examining the facts and circumstances in waiver motions); *People v. Hamm,* 100 Mich.App. 429, 298 N.W.2d 896 (1980) (recognizing that waiver should be strictly construed in favor of preservation of the sacred right to a jury trial); *People v. Miller,* 149 Misc.2d 554, 566 N.Y.S.2d 429 (1990) (stating that an objective evaluation of the surrounding facts and circumstances is essential in permitting a Defendant to withdraw the right to a jury trial). In general, the propriety of a trial judge's exercise of discretion has focused on the following factors:

(1) Timeliness of the application;

(2) Evidence of bad faith;

(3) Effect of the application on the course of justice (ie. unreasonable delay or gross inconvenience to the prosecution's witnesses or disruption of the business of court administration); and

(4) Nature and/or extent of prosecutorial objection.

*Miller,* 149 Misc.2d at 560, 566 N.Y.S.2d at 434; *People v. Melton,* 125 Cal.App.2d Supp. 901, 271 P.2d 962 (1954); *State v. Rankin,* 102 Conn. 46, 127 A. 916 (1925); *People v. Catalano,* 29 Ill.2d 197, 193 N.E.2d 797 (1963), *cert. denied,* 377 U.S. 904, 84 S.Ct. 1164, 12 L.Ed.2d 176 (1964). Therefore, this Court examines the circumstances regarding Petitioner's motion to withdraw his waiver of a jury trial to determine whether an abuse of discretion was committed.

### VI

■ In general, motions made after the commencement of trial are untimely. *United States v. Sadrzadeh,* 440 F.2d 389, 390 (9th Cir.), *cert. denied,* 404 U.S. 850, 92 S.Ct. 84, 30 L.Ed.2d 88 (1971), (ruling a motion to withdraw waiver of jury trial after government rested its case was untimely); *State v. Frohner,* 150 Ohio St. 53, 80 N.E.2d 868 (1948) (holding that a motion to withdraw waiver of jury trial after sentencing was untimely). However, when a motion for with-

drawal of waiver of trial by jury is made prior to trial, "timeliness depends on the circumstances of each case, 'a withdrawal motion' is timely when granting the motion would not unduly interfere with or delay the proceedings." *Zemunski v. Kenney,* 984 F.2d 953, 955 (8th Cir.1993) (*quoting United States v. Mortensen,* 860 F.2d 948, 950–51 (9th Cir.1988), *cert. denied,* 490 U.S. 1036, 109 S.Ct. 1935, 104 L.Ed.2d 406 (1989)).

█ Petitioner signed a waiver of his right to a trial by jury on December 8, 1989, before Judge Patrick O'Brien in The Recorder's Court for the City of Detroit. At the Pre–Trial Hearing on April 27, 1990, the Prosecution moved to recuse Judge O'Brien from hearing the case. The Prosecutor felt "it would look terrible" for Judge O'Brien to hear the case because another Defendant involved in the same incident as Petitioner plead guilty to the same crime before Judge O'Brien. (Recorder's Court Trans. pp. 3–4). Noting he did not feel he would have a problem hearing the case, Judge O'Brien transferred it to Judge Leonard Townsend without a blind draw. (Recorder's Court Trans. pp. 4–5). Once the case got before Judge Townsend, but before trial commenced, Petitioner moved to withdraw his waiver of his right to a trial by jury. Under these circumstances, therefore, this court finds the motion was timely. *Staten v. State,* 13 Md.App. 425, 283 A.2d 644 (1971) (finding a motion to withdraw a waiver of a jury trial at a rearraignment on the date of trial was timely).

█ Delay, intervening appearances and lack of specificity are grounds for suspecting bad faith in cases where a motion to withdraw a waiver of right to a jury trial is made. *State v. Jones,* 270 Md. 388, 312 A.2d 281 (1973) (discerning bad faith when voluminous pretrial motions for continuances were made).

█ In the instant case, Petitioner based his motion to withdraw a waiver of right to a jury trial upon changed circumstances—the transfer of the case from Judge O'Brien to Judge Townsend. Although the motion was made four months after Petitioner's waiver, this fact alone is insufficient to conclude Petitioner acted in bad faith. Therefore, this Court concludes that Petitioner's motion was not made in bad faith. Furthermore, Petitioner asserted the transfer of the case was improper under local court rule 88–4 [2]. As a result, Petitioner moved in the alternative, for either a withdrawal of his waiver, or a blind draw. Because Petitioner's motion was specific and based upon legitimate concerns, this court holds it was made in good faith.

Substantial or unreasonable delay is often cited as a key factor militating against the granting of a motion to withdraw a waiver of a right to trial by jury. *Miller,* 566 N.Y.S.2d at 433; *United States v. Holmen,* 586 F.2d 322 (4th Cir.1978); *McCranie v. United States,* 333 F.2d 307 (5th Cir.1964). In *Holmen,* 586 F.2d at 323, the motion to withdraw waiver of jury trial was made on the eve of trial and after witnesses had traveled a great distance to testify. The Fourth Circuit concluded that the district judge did not abuse his discretion in denying the waiver because it would have placed an undue burden on the witnesses and wrongfully prolonged the trial.

█ Obviously, granting Petitioner the withdrawal would have delayed the trial somewhat. However, as the Michigan Supreme Court held in *People v. Hamm,* 100 Mich.App. 429, 433, 298 N.W.2d 896 (1980) "the right to jury trial is a high and sacred right, and, thus, the stipulation for the waiver of such right should be strictly construed in favor of the preservation of that right." The record does not disclose any adverse consequences that would have emerged by granting the waiver. In this case, Petitioner's trial had not started and the prosecutor's

---

**2.** 1) Only the Chief Judge may transfer or reassign cases. The only exception is when a timely request for a Circuit or Recorder's Court judge is filed, the Floor Executive Judge is delegated the authority to transfer cases to the proper judge on the floor pursuant to that request.

2) A Transfer/Reassignment Order signed by the Chief Judge must accompany every file or be

filed within 24 hours. Clerks may not transfer a case on the worksheets or in the computer without first obtaining a signed Order of Transfer/Reassignment.

3) When a judge is disqualified from hearing a case, it is exchanged for a comparable case with that judge's alternate.

witnesses consisted of two police officers whose testimony was readily available. This Court concludes, therefore, that granting the withdrawal would not have been a waste or undue delay of the court's time.

The Federal Rule of Criminal Procedure 23(a) does not permit a defendant to waive his right to a jury trial without the consent of the government. *Singer v. United States,* 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965); *See also Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930). Therefore, in a motion to withdraw a waiver, it is included as a factor. *Miller,* 566 N.Y.S.2d at 434. In the present case, the record does not indicate the prosecution objected to the withdrawal of the waiver. Therefore, it may be inferred that granting the withdrawal would not have prejudiced the prosecution.

As the Michigan Court of Appeals noted, one's right to a trial by jury is "sacred." Petitioner's right to a trial by jury was unreasonably impaired. In the interests of justice and the preservation of Petitioner's Constitutional rights, the Court finds that the Michigan Courts abused their discretion by denying Petitioner's withdrawal of his waiver of a jury trial.

### VII

On August 3, the court entered an order granting the writ of habeas corpus and directing that the Petitioner be granted a new trial within 60 days or be released. The Court also reserves the right in that order to file this opinion, setting forth in detail the Court's reasons for granting the writ.

Subsequent to that order, the Court received a motion from Defendant pointing out that Petitioner's sentence in this case will not start until January 18, 1998 because he is presently in custody by virtue of a May 3, 1988 Oakland Circuit Court Judgment sentencing him from 10 to 20 years after conviction of possession with intent to deliver cocaine.

Upon receiving that information, the Court entered an amended order directing that the writ be granted, and that Petitioner be granted a new trial within 120 days from the date of that order, which was August 17. The order further provided that, if such new trial was not held, he should be released from custody of the Department of Corrections after serving his current sentence of 10 to 20 years for conviction of possession with intent to deliver 50 to 200 grams of cocaine.

In view of this procedural posture, the Court feels that, as indicated in this opinion, that the writ should be granted or the Petitioner retried within 120 days after the entry of the order of August 17, 1994. His release, however, will not be effectuated until he has completely served his sentence of May 3, 1988, from Oakland County.