**Fran SINISTAJ, Petitioner–Appellee,**

v.

**Sherry BURT, Respondent–Appellant.**

No. 94–2076.

United States Court of Appeals, Sixth Circuit.

Argued June 8, 1995.

Decided Oct. 3, 1995.

---

Fran Sinistaj, Detroit, MI, pro se.

F. Randall Karfonta (argued and briefed), Leland, MI, for Petitioner-Appellee.

Arthur E. D'Hondt (argued and briefed), Peter L. Trezise, Office of the Attorney General, Habeas Corpus Division, Lansing, MI, for Respondent-Appellant.

Before: WELLFORD, NELSON, and RYAN, Circuit Judges.

RYAN, Circuit Judge.

Sherry Burt, the warden of a Michigan prison facility, appeals from the district court's order granting the petition for a writ of habeas corpus under 28 U.S.C. § 2254 brought by Fran Sinistaj, an inmate at the facility. Respondent Burt's appeal raises several issues, but we shall address only two:

1) Whether the district court erred in finding that a state court's "abuse of discretion" in deciding a criminal defendant's motion to withdraw his waiver to a jury trial is a violation of federal law sufficient to support a writ of habeas corpus; and

2) Whether, under the circumstances of this case, the state court's refusal to permit Sinistaj to withdraw his jury trial waiver was a violation of the Sixth Amendment of the United States Constitution.

We conclude that the district court erred in granting Sinistaj's petition because a finding that a state trial court abused its discretion in denying a petitioner's motion to withdraw his waiver to a jury trial does not show, without more, a "violation of the Constitution or laws or treaties of the United States," as required by 28 U.S.C. § 2254(a).[1]

---

1. On appeal, the respondent relies on the nonretroactivity principle of *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

Although the *Teague* analysis is normally a threshold issue, *Caspari v. Bohlen,* —— U.S. ——, ——, 114 S.Ct. 948, 953, 127 L.Ed.2d 236 (1994),

We further hold that, under the circumstances of this case, Sinistaj was not denied his constitutional right to trial by jury when the state court refused to permit Sinistaj to withdraw his jury trial waiver.

## I.

In May 1988, the Oakland County, Michigan, Circuit Court sentenced Sinistaj to a 10 to 20 year term of imprisonment following his conviction for possession with intent to deliver 50 to 250 grams of cocaine, and a concurrent term of 3 to 5 years for carrying a concealed weapon. Sinistaj appealed his convictions and he remained free on bond.

On October 30, 1989, while at liberty on bond, Sinistaj was arrested in Detroit, Michigan, and charged with carrying a concealed weapon. At Sinistaj's preliminary examination, Detroit Police Officer Leon Berdy testified that he had observed Sinistaj standing in front of a pawnshop on a Detroit street and watched Sinistaj pull a gun from his waistband and attempt to discard it. Nuo Dresaj, testifying as a witness for Sinistaj, stated that he was standing near Sinistaj and that it was he, Dresaj, who had the gun and that he had thrown it at Sinistaj's feet when he saw the police approaching. The state court ordered Sinistaj bound over for trial. Dresaj was then arrested and charged with carrying a concealed weapon.

The cases against Sinistaj and Dresaj came before Recorder's Court Judge John Patrick O'Brien for a calendar conference. Both defense counsel indicated to Judge O'Brien that their clients wished to waive a jury trial and be tried by the judge alone. Judge O'Brien engaged each defendant in a colloquy, ascertaining that each understood his right to a jury trial and that each was intelligently and knowingly waiving that right. Both Sinistaj and his counsel then signed a written form declaring a knowing waiver of Sinistaj's right to a jury trial.

On April 27, 1990, the cases against Sinistaj and Dresaj came before Judge O'Brien for trial. On that day, the two cases were severed because Dresaj desired to plead guilty. Judge O'Brien accepted Dresaj's guilty plea, and when Sinistaj's case was called for trial, the prosecutor objected to Judge O'Brien hearing the case without a jury, apparently because he thought it was improper for Judge O'Brien to hear Sinistaj's case after having taken Dresaj's guilty plea. Judge O'Brien declared that he thought it would not be improper for him to hear the case, but agreed, nevertheless, to send the case to another judge for trial. Sinistaj's counsel "agreed," under the assumption that a blind draw would be used to select the judge to whom the case would be assigned. Rather than use a blind draw, however, Judge O'Brien assigned the case to Judge Leonard Townsend, who was available for trial that morning.

Before Judge Townsend, Sinistaj's counsel moved to withdraw the waiver of a jury trial or, in the alternative, to have the case assigned by blind draw. Judge Townsend denied the motion, and the case then proceeded to trial before Judge Townsend without a jury. After hearing testimony from witnesses for the state and for the defendant, Judge Townsend found Sinistaj guilty of carrying a concealed weapon.

When Sinistaj later appeared before Judge Townsend for sentencing, Sinistaj's counsel made a motion for a new trial based in part on the complaint that Sinistaj had been denied his right to a jury trial. Judge Townsend denied the motion and sentenced Sinistaj to 40 to 60 months imprisonment, to be served consecutively with his sentence for possession of cocaine.

In his direct appeal to the Michigan Court of Appeals, Sinistaj raised five issues, including whether the trial court denied Sinistaj's right to a jury trial under the federal and Michigan constitutions when it denied his motion to withdraw his waiver of trial by

the Supreme Court has stated that "the nonretroactivity principle is not jurisdictional in the sense that federal courts must raise and decide the issue *sua sponte*. Thus, a federal court may, but need not, decline to apply *Teague* if the State does not argue it." *Id.* (internal quotations,

brackets, and citation omitted). The respondent raised the nonretroactivity principle for the first time in its motion to amend the district court's judgment. Deeming the argument waived, we shall address the merits of the respondent's substantive argument.

jury. The Michigan Court of Appeals issued an unpublished *per curiam* opinion affirming Sinistaj's conviction and sentence and later denied Sinistaj's motion for rehearing. The Michigan Supreme Court denied Sinistaj's petition for leave to appeal.

Sinistaj then filed a *pro se* petition for a writ of habeas corpus, under 28 U.S.C. § 2254, in the United States District Court for the Eastern District of Michigan. The petition raised five issues, the first of which was whether Sinistaj was entitled to a jury trial under the circumstances, and whether denying it to him violated the federal and Michigan constitutions. The matter was assigned to a magistrate judge, who issued a report and recommendation suggesting that Sinistaj's petition be dismissed without prejudice as it contained both exhausted and nonexhausted claims.

The district court issued an order rejecting the magistrate judge's report and recommendation, concluding that only the jury trial issue was an exhausted claim. The court held that all the other claims were based solely on state law, and should, therefore, be dismissed with prejudice. The district court then addressed the merits of the sole remaining claim, that is, that Sinistaj had been denied his federal constitutional right to a jury trial. Finding that Sinistaj had been denied his right to trial by jury, the district court issued a writ of *habeas corpus.*

The respondent filed a motion to alter or amend the judgment, and raised for the first time six grounds upon which the respondent asserted that the district court's judgment was in error. The district court vacated its prior order and issued an amended order in which it again rejected the magistrate judge's recommendation and issued the writ of *habeas corpus. Sinistaj v. Burt,* 860 F.Supp. 1209 (E.D.Mich.1994).

## II.

### A.

■ Although our standard of review for issuance of a writ of *habeas corpus* is *de novo,* we render clearly erroneous review of any findings of fact made by the district court. *McCall v. Dutton,* 863 F.2d 454, 459 (1988), *cert. denied,* 490 U.S. 1020, 109 S.Ct. 1744, 104 L.Ed.2d 181 (1989).

■ An intelligent and voluntary waiver of the right to a jury trial is valid, and a conviction obtained after such a waiver is not constitutionally infirm. *See, e.g., Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930). Warden Burt's primary argument is that the district court's decision is based not on a finding of a violation of the Sixth Amendment of the United States Constitution, but upon a perceived error of state law. Errors of state law alone cannot form the basis of relief under federal *habeas corpus. Estelle v. McGuire,* 502 U.S. 62, 67, 112 S.Ct. 475, 479–80, 116 L.Ed.2d 385 (1991). Only where the violation of state law is also a violation of federal law may the error support a claim under federal *habeas. Id.* at 68, 112 S.Ct. at 480.

■ A careful reading of the district court's opinion reveals that the court thought the issue before it was whether the state court abused its discretion in denying the petitioner's request for withdrawal of his previously filed waiver of jury trial. Early in its opinion, the district court declared: "Therefore, the issue before the court is whether the Michigan Courts abused their discretion in denying Petitioner's motion to withdraw his waiver of a jury trial and reassert his constitutional guarantee." 860 F.Supp. at 1214.

The court then proceeded, after examining cases from five states as well as one case from this court, to identify the four criteria many courts use to determine "the propriety of a trial judge's exercise of discretion" in deciding a motion to withdraw a waiver of jury trial. *Id.* The district court then carefully considered the facts of the waiver proceedings before Judge O'Brien and the motion to withdraw the waiver before Judge Townsend in order "to determine whether an abuse of discretion was committed." *Id.*

The district court concluded: "Petitioner's right to a trial by jury was unreasonably impaired. In the interests of justice and the preservation of Petitioner's Constitutional rights, the Court finds that the Michigan

Courts abused their discretion by denying Petitioner's withdrawal of his waiver of a jury trial." *Id.* at 1216.

Thus, it seems clear that, in the district court's view, "[T]he Michigan Court[']s abuse[ ] [of] discretion" was, perforce, a denial of the petitioner's "constitutional rights." Nowhere in the district court's opinion did the court undertake an analysis of whether the refusal to permit the petitioner to withdraw his jury waiver in the state court was, of itself, a violation of the Sixth Amendment of the Constitution; rather, the analysis simply focused on whether, as a matter of general law, the state court abused its discretion under the facts of this case. Finding that it did, the district court proceeded directly to the conclusion that a constitutional right was violated.

■ Neither the district court nor the petitioner has cited a case standing for the proposition that when a state court abuses its discretion in denying a defendant's motion to withdraw a previously filed waiver of jury trial, the result is a violation of the United States Constitution. Moreover, not surprisingly, our own research has failed to turn up any such authority. It is possible, of course, at least in theory, that a state court's refusal to permit a defendant to withdraw a previously filed jury trial waiver could amount to an unconstitutional denial of the defendant's Sixth Amendment right to a jury trial. But we can conceive of no situation in which a federal judicial determination on *habeas* collateral review that a state court, as a matter of general law, abused its discretion in denying the withdrawal motion is *therefore* a violation of the federal Constitution.

### B.

Sinistaj's petition in the district court and his argument before this court did not rely *solely* on the alleged abuse of discretion as grounds for issuance of the writ. As he had argued to the Michigan Court of Appeals and to the district court, Sinistaj argues here that he was entitled, under the Sixth Amendment, to withdraw his waiver of his right to a jury trial. Although the district court did not analyze or decide the case on this basis, we shall proceed, nevertheless, to do so.

■ Sinistaj does not claim that the waiver was not knowingly nor intelligently made. Essentially he complains that he waived his right to a jury trial on the assumption that Judge O'Brien would be his trial judge, and therefore his waiver was no longer effective when the case was transferred to Judge Townsend. Although we have found no case directly on point, we are not without guidance.

In *United States v. Lee,* 539 F.2d 606 (6th Cir.1976), this court considered on direct appeal the case of a defendant who had waived his right to a jury trial and his right to be tried by an Article III judge by consenting to a trial before a magistrate. After the magistrate found the defendant guilty, the conviction was reversed and the case remanded for a new trial. Before the retrial, the defendant sought to withdraw his consent to be tried by the magistrate, but his request was denied. On review, we held that the defendant's waiver did not extend to retrials where the language of the signed waiver made no mention of retrials. The court refused to read the term "consents to be prosecuted" as evidencing an intent to waive his rights for an unlimited number of retrials. *Id.* at 609. The Ninth Circuit adopted the rule from *Lee* in *United States v. Mortensen,* 860 F.2d 948, 950 (9th Cir.1988), *cert. denied,* 490 U.S. 1036, 109 S.Ct. 1935, 104 L.Ed.2d 406 (1989).

We relied upon the reasoning of *Lee* in the context of a waiver of a defendant's right to a jury trial in *United States v. Groth,* 682 F.2d 578 (6th Cir.1982). In *Groth,* the defendant had validly waived his right to a jury and was tried and convicted by the court. However, when the conviction was reversed and remanded for a retrial, the defendant attempted to withdraw his waiver, which the district court denied. On appeal, we held that a "waiver of a jury trial does not bar a demand for a jury on retrial of the same case *unless the original waiver explicitly covers this contingency.*" *Id.* at 580 (emphasis added).

This case is not analogous to *Groth* because there the event which intervened between the waiver and the attempted withdrawal, a remand for a new trial, was not contemplated by the language of the waiver.

In the present case, Sinistaj signed a waiver form that stated in part: "I ... voluntarily waive and relinquish my right to a trial by jury and elect to be tried by *a judge* of the above named Court...." (Emphasis added.) Sinistaj did not agree to be tried only by Judge O'Brien and by no other judge of the Recorder's Court; rather, he agreed to be tried by "*a* judge of the ... Court." The waiver was not judge specific, *and the record is devoid of any indication that Sinistaj was led to believe that the waiver applied only to a trial before Judge O'Brien.* We hold, therefore, that under these circumstances, Sinistaj was not entitled as a matter of law to withdraw his waiver of his right to a jury trial.

## III.

For the reasons stated above, the district court's order issuing the writ of *habeas corpus* is **REVERSED.**