**Darrick RAY, Petitioner–Appellant,**

v.

**Bruce CURTIS, Warden, Respondent– Appellee.**

No. 01–1363.

United States Court of Appeals, Sixth Circuit.

Sept. 20, 2001.

Before NELSON and MOORE, Circuit Judges; KATZ, District Judge.*

Darrick Ray, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, Ray was convicted of first-degree murder and felony firearm following a bench trial. The court sentenced him to life imprisonment without the possibility of parole for murder and two years of imprisonment for the firearm conviction. The Michigan Court of Appeals affirmed the convictions and sentences on direct appeal, and the Michigan Supreme Court denied Ray's delayed application for leave to appeal. Ray filed his federal habeas petition in February 2000, raising three claims: (1) his jury trial waiver was invalid because he thought that he would be tried before the judge who had accepted his waiver; (2) the trial court erred in denying defense counsel's motion to withdraw from representation; and (3) the trial court erred in admitting irrelevant bad acts evidence. The district court dismissed the petition but granted a certificate of appealability on all three claims.

In his timely appeal, Ray restates the claims from his habeas petition.

When reviewing a district court's disposition of a petition for a writ of habeas corpus, this court reviews the district court's findings of fact for clear error and its conclusions of law de novo. *Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir.1999).

Upon review, we conclude that the district court properly denied Ray relief on his first claim. Three days before the date originally set for trial, Ray's counsel announced that Ray wanted to waive his right to a jury trial and have a bench trial. The trial judge, Judge Wendy Baxter, questioned Ray, had him acknowledge his signature on a waiver form, and found that he had made a knowing, voluntary, and

---

* The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

understanding waiver of his right to a trial by jury. The trial was rescheduled and another judge, Judge Michael Sapala, presided instead. On the day of trial, Ray's counsel announced that Ray now wanted a jury trial and wanted a different lawyer to represent him. The trial judge refused both requests, and the Michigan Court of Appeals affirmed the trial court's decision. The facts as found by the state courts show that Ray expressly and intelligently waived his right to a jury trial. *See Adams v. United States,* 317 U.S. 269, 277–78, 63 S.Ct. 236, 87 L.Ed. 268 (1942). The state courts' decisions were not contrary to clearly established federal law as decided by the United States Supreme Court. *See* 28 U.S.C. § 2254(d); *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).

■ Ray's argument that his waiver was judge-specific is without merit. Judge Baxter had presided over a jury trial which ended in Ray's conviction. Ray argues that because Judge Baxter questioned him about his willingness to have her hear his case he assumed she would be the presiding judge. A panel of this court rejected a similar argument in *Sinistaj v. Burt,* 66 F.3d 804, 808 (6th Cir.1995). Nothing in either the written waiver or the transcript of the waiver hearing conditioned Ray's waiver on having the case heard by Judge Baxter. Ray's impression that Judge Baxter would hear his case did not make his waiver constitutionally invalid. *See id.*

■ We next conclude that the district court properly denied Ray habeas relief on his second claim. Ray claimed that the trial court erred in denying defense counsel's motion to withdraw from representation so that he could bring in substitute counsel. The right to counsel of choice stems from the Sixth Amendment right to effective assistance of counsel.

*Wheat v. United States,* 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). Thus, when a defendant is denied the counsel he prefers, the constitutional concern is whether he received an effective advocate. *Id.* The Michigan Court of Appeals found that Ray's attorney was prepared and competent, and Ray did not rebut the presumption that the state court's factual findings on this claim are correct. *See* 28 U.S.C. § 2254(e)(1); *Warren v. Smith,* 161 F.3d 358, 360–61 (6th Cir.1998). Moreover, he has not alleged any way in which his counsel's performance was deficient. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because Ray received effective assistance of counsel, the denial of his choice of attorney did not violate Ray's constitutional rights. *See Wheat,* 486 U.S. at 159. The state courts' decisions to refuse to permit Ray to substitute counsel were not contrary to clearly established federal law as decided by the United States Supreme Court. *See* 28 U.S.C. § 2254(d); *Williams,* 120 S.Ct. at 1523.

■ Finally, we agree with the district court that Ray procedurally defaulted his third claim. *See Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986). The Michigan Court of Appeals held that Ray failed to preserve his claim regarding the improper admission of evidence by not objecting during trial. This procedural rule is an independent and adequate state ground which forecloses federal relief. *See Coleman v. Thompson,* 501 U.S. 722, 740–44, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Paprocki v. Foltz,* 869 F.2d 281, 284–85 (6th Cir.1989). Moreover, Ray failed to show cause or prejudice for his default. *See Murray v. Carrier,* 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Finally, Ray has not supplemented his claim of constitutional error with a

colorable showing of actual innocence so as to demonstrate a fundamental miscarriage of justice. *See McCleskey v. Zant,* 499 U.S. 467, 494–95, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Murray,* 477 U.S. at 496. Accordingly, Ray's procedural default bars review of this claim.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.