KAREN NELSON MOORE, Circuit Judge,
dissenting in part.
I respectfully dissent from the majority’s opinion with respect to Wright’s Confrontation Clause claim. Although the claim is procedurally defaulted, such procedural default is excused because Wright received ineffective assistance of counsel. Moreover, because the state court reviewed Wright’s claim only for plain error, it was not an adjudication on the merits that would trigger AEDPA deference. Thus reviewing the state court’s decision de novo, I believe that there was a Confrontation Clause violation that warrants habeas relief and would therefore affirm the district court’s judgment.
For good reason, no one disputes that Wright procedurally defaulted on his Confrontation Clause claim. See Appellant’s Br. at 38-39; Appellee’s Br. at 30 (noting and not challenging the district court’s finding of procedural default); Wright v. Rivard, No. 2:12-CV-14164, 2015 WL 3441154, at *11 (E.D. Mich. May 28, 2015). “The [independent and adequate state ground] doctrine applies to bar federal ha-beas when a state court declined to address a prisoner’s federal claims because the prisoner had failed to meet a state procedural requirement.” Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The Michigan Court of Appeals held that because Wright did not raise a Confrontation Clause objection at trial, he did not preserve such an objection on appeal. Because Wright failed to preserve his Confrontation Clause claim under Michigan law and because the Court of Appeals relied on Michigan law to determine whether Wright preserved his claim on appeal, see People v. Wright, No. 288975, 2010 WL 5373811, at *4 (Mich. Ct. App. Dec. 28, 2010) (citing People v. Coy, 258 Mich.App. 1, 669 N.W.2d 831 (2003) (interpreting Michigan Rule of Evidence 103, which covers preservation of objections on appeal)), he has procedurally defaulted on his claim. See Coleman, 501 U.S. at 729-30, 111 S.Ct. 2546; cf. Ray v. Curtis, 21 Fed.Appx. 333, 335 (6th Cir. 2001) (finding procedural default because “[t]he Michigan Court of Appeals held that Ray failed to preserve his claim regarding the improper admission of evidence by not objecting during trial”).
Nevertheless, procedural default may be excused if it was caused by constitutionally ineffective assistance of counsel that prejudiced the defense. See Joseph v. Coyle, 469 F.3d 441, 459 (6th Cir. 2006). Review of this exception to procedural default is de novo. See id. As the majority notes, trial counsel’s failure to raise a Confrontation Clause objection to Goodwin’s out-of-court statements constituted deficient performance. See Majority -Op. at 408. In addition, on de novo review, this failure prejudiced Wright’s defense. The Government put forth statements by Goodwin, the victim of this killing, regarding his fear of Wright and threats Wright made to him before he was shot. See R. 9-11 (Thomas Test, at 7-8) (Page ID #994-96); R. 9-12 (Closing Arg. at 14-16) (Page ID # 1513-17). The only other evidence of Wright’s motive for killing Goodwin came from Currie and Alice Smiley, Goodwin’s mother. See R. 9-9 *412 (Smiley Test, at 154) (Page ID # 712) (testifying that Goodwin and Wright “became, I would say, enemies or not so good of friends”); R. 9-11 (Currie Test, at 68) (Page ID # 1116).
As the district court observed, however, there was ample reason for the jury to be skeptical of Currie’s testimony, damning though it otherwise might have been. Crucially, Currie identified Wright as the killer only.after the police began to investigate him as a suspect and acknowledged that he did so to ensure that he was not blamed for Goodwin’s death. See R. 9-11 (Currie Test, at 90, 126-28, 140) (Page ID # 1160, 1232-36, 1260). In addition, Cur-rie’s testimony was inconsistent in significant respects. For instance, although he testified at trial that there were conflicts between Wright and Goodwin about their drug business, see id. at 68 (Page ID # 1116), at a preliminary examination six months earlier, he testified that in fact there were no conflicts, see id. at 94-95 (Page ID # 1168-70). Moreover, although Currie claimed that he could identify Wright as the killer, his testimony on the basis for this identification is likewise inconsistent. Currie testified at trial that after he heard shots outside on the night of Goodwin’s killing, he looked outside and could see Wright’s face. See id. at 52 (Page ID # 1084). However, he previously stated that he did not see Wright’s face. See id. at 82-83 (Page ID #1144-46). And while Smiley’s testimony also provides evidence of a motive to kill Goodwin, her general testimony that they were “enemies or not so good of friends” does not compare to direct statements from Goodwin that he received threats from Wright shortly before he was killed. In Sum, Goodwin’s statements were powerful evidence without which there is a reasonable likelihood that the jury would have found Wright not guilty. See Harrington v. Richter, 562 U.S. 86, 111-12, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). Therefore, there is sufficient cause and prejudice to excuse procedural default.
The final and central question is whether there was a Confrontation Clause violation. On plain-error review, the state court of appeals determined that there was no such violation. State-court judgments that are adjudicated on the merits warrant AEDPA deference. See 28 U.S.C. § 2254(d). However, “[w]e have repeatedly held that plain-error review is not equivalent to adjudication on the merits, which would trigger AEDPA deference.” See Frazier v. Jenkins, 770 F.3d 485, 497 n.5 (6th Cir. 2014) (citations omitted). The reason for this is simple. Although under either the harmless or plain-error standard of review, the alleged error must affect a “substantial right,” see Fed. R. Crim. P. 52, “[w]hen an appellate court considers error that qualifies as plain, the tables are turned on demonstrating the substantiality of any effect on a defendant’s rights: the defendant who sat silent at trial has the burden to show that his ‘substantial rights’ were affected.” United States v. Vonn, 535 U.S. 55, 62-63, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002); United States v. Stewart, 306 F.3d 295, 322-23 (6th Cir. 2002); People v. Carines, 460 Mich. 750, 597 N.W.2d 130, 138 (1999). Here, the state court of appeals reviewed Wright’s Confrontation Clause claim for plain error and imposed on him the burden to establish “that the admission of [Goodwin’s] statements affected the outcome of his case.” See Wright, 2010 WL 5373811, at *4. Such an imposition is not equivalent to adjudication on the merits, but rather a perfunctory assessment of whether there was manifest injustice at Wright’s trial. See Frazier, 770 F.3d at 497 n.5. Accordingly, the state court’s decision does not warrant AEDPA deference and should be reviewed de novo.
Thus reviewing the state-court decision de novo, I conclude that there was a Con *413 frontation Clause violation. As the majority notes, the admission of Goodwin’s statements postmortem was an obvious violation of the Confrontation Clause. See Majority Op. at 408. In addition, their admission had a “substantial and injurious effect or influence in determining the jury’s verdict.” See Brecht v. Abrahamson, 507 U.S. 619, 637-38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Importantly for this case, “[t]he prejudice prong of the ineffective assistance analysis subsumes the Brecht harmless-error review.” See Hall v. Vasbinder, 563 F.3d 222, 236 (6th Cir. 2009). Because trial counsel’s ineffective assistance prejudiced Wright’s defense, there was necessarily a Confrontation Clause violation.
For the foregoing reasons, I would affirm the district court’s judgment granting a writ of habeas corpus with respect to the Confrontation Clause issue.